## BUCHANAN v. MILLIGAN.

APPEAL BOND.—*Complaint.—Defective Allegations.—Copy of Judgment.— Exhibit.*—In an action upon an appeal bond alleged to have been filed on an appeal to the Supreme Court, the complaint failed to allege that the penalty of the bond had been fixed by the court, or that a time was fixed within which to file the bond, or that it was filed within that time, or when the transcript was filed on appeal, or that execution had been stayed by such appeal.

*Held,* on demurrer, that the complaint is insufficient.

*Held,* also, that a transcript of such judgment forms no part of the complaint.

From the Huntington Circuit Court.

*C. B. Stuart,* for appellant.

*A. Moore,* for appellee.

SCOTT, J.—On the 8th day of May, 1877, the appellee filed in the circuit court the following complaint :

" Lambdin P. Milligan  
    *v.*  
" The Toledo, Wabash and West-  
ern Railway Company and Sam-  
uel Buchanan.

" The plaintiff complains of the defendants, and says that on the 18th day of May, 1874, the said defendants, Toledo, Wabash and Western Railway Company by its attorney, and the said Samuel Buchanan in person, presented their certain appeal bond in the words and figures following, viz.:

" ' Know all men by these presents, that we, The Toledo, Wabash and Western Railway Company and Samuel Buchanan are held firmly bound unto Lambdin P. Milligan in the penal sum of $500 ; for the payment the above named parties are firmly bound. Witness our hands and seals, this 18th day of May, 1874.

" ' The condition of the above obligation is such that whereas the said Milligan has recovered a judgment for $275 and costs, in the Huntington Circuit Court, against the said railway company, from which the said railway

company has appealed to the Supreme Court of the State of Indiana; now, therefore, should the said railway company prosecute her said appeal with effect and pay such judgment as may be rendered against her in said appellate court, then this bond shall be void, else in full force.

" ' THE TOLEDO, WABASH AND WESTERN RAILWAY COMPANY,

" ' By her Attorney, W. Z. STUART,

" ' SAM. BUCHANAN.

" 'Approved : T. L. LUCAS, Clerk.'

"Which bond and security was accepted, and the clerk authorized to approve the same, by the agreement of the parties, which said bond is lost and can not be produced. And the plaintiff avers that the condition of said bond is broken in this, that the said appellant did not pay the judgment rendered in said appellate court. Wherefore the plaintiff says that a right of action hath accrued to him to have and recover of the said defendants the said sum of $500, the penalty in said bond to cover the amount of said judgment. A copy of which is herewith filed and made a part of this complaint. Wherefore the plaintiff," etc.

Buchanan demurred to this complaint for the want of sufficient facts. The demurrer was overruled and exception entered. There was a general denial filed; trial by the court; finding for the plaintiff; motion for a new trial overruled and exception and judgment on the finding.

There are many defects in the complaint. There is no allegation that the penalty of the bond was fixed by the court, or that the court directed in what time the bond should be filed, or that it was filed within the time directed, or when the transcript was filed in the Supreme Court; nor is it alleged that execution and other proceedings were stayed upon the judgment below during the pendency of the appeal in this court. For want of these allegations, the complaint was insufficient upon demurrer for want of facts. *Ham* v. *Greve*, 41 Ind. 531.

But it is contended by the appellee that these defects were supplied by reference to the transcript which was filed with the complaint. The transcript was improperly filed, and was therefore no part of the complaint. *Blair* v. *Kilpatrick*, 40 Ind. 312; *Parsons* v. *Milford*, 67 Ind. 489.

The demurrer should have been sustained to the complaint.

The judgment is reversed, with costs; cause remanded, with instructions to the circuit court to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.