Hinkle v. Holmes et al.

---

No. 9882.

## HINKLE v. HOLMES ET AL.

APPEAL BOND.—*Supersedeas.*—*Bond, Effect of.*—*Pleading.*—*Costs.*—*Measure of Damages.*—H. recovered a personal judgment against J. R. and D. R. for $631.76, and costs, and a foreclosure of a chattel mortgage against them and J. H., with a decree for the sale of the property to make the debt and costs. J. H. appealed to the Supreme Court, and, having given a proper bond, obtained a supersedeas. The judgment and decree were affirmed after the lapse of two years, but meantime the value of the mortgaged property had deteriorated by use and abuse, from $1,000 to little or nothing, so that on final sale by the sheriff upon the decree, it yielded only $265, so that, deducting also some payments, there remained of the judgment unsatisfied the sum of $302.05; J. R. and D. R. having been at all times insolvent. Suit on the appeal bond.

*Held*, that a complaint alleging these facts was good on demurrer.

*Held*, also, that the supersedeas having restrained all proceedings on the personal judgment, as well as the decree for sale, there was a liability on

the bond for whatever injury was liable to result to the plaintiff from the appeal, and not merely for costs; but what would be the measure of damages upon a complaint so meager in its averments is not decided.

*Held*, also, that an appeal bond need not be signed by all the judgment defendants. *Willson* v. *Glenn*, 77 Ind. 585, distinguished.

From the Jackson Circuit Court.

*B. H. Burrell* and *F. Emerson*, for appellant.

*W. K. Marshall* and *R. Applewhite*, for appellees.

NIBLACK, J.—The complaint in this case was by David F. Hinkle against John W. Holmes and Edward C. Emery, and stated that, on the 4th day of May, 1876, the plaintiff had, in a certain action in which he was plaintiff, and James Ramey, Daniel E. Ramey and the said John W. Holmes were defendants, recovered a judgment against the said James Ramey and Daniel E. Ramey, for the sum of $631.76, and a foreclosure of a chattel mortgage against all of the defendants, to satisfy said judgment, and for costs in said action, taxed at $229.93; that, on the 23d day of May, 1876, the plaintiff caused an execution and order of sale to be issued on said judgment and decree of foreclosure, directed to the sheriff of Jackson county, to satisfy the amount of principal, interest and costs due upon such judgment; that, on the 31st day of October, 1876, said sheriff advertised the mortgaged property for sale, to pay said judgment; that previously thereto, that is to say, on the 20th day of October, 1876, the defendant Holmes had appealed said cause to the Supreme Court by filing a transcript of the proceedings therein in the office of the clerk of said court; that afterwards, on the 8th day of November, 1876, an order was issued out of and by the direction of the Supreme Court, for the stay of all proceedings upon the judgment and decree appealed from in said cause; that said order for the stay of all proceedings was filed in the office of the clerk of the Jackson Circuit Court, on the 10th day of November, 1876; that on the 11th day of November, 1876, the said Holmes, with the defendant Emery, executed an appeal or supersedeas bond, substantially as follows:

" Know all men by these presents, that we, John W. Holmes and Edward C. Emery, are held and firmly bound unto David F. Hinkle, in the sum of fifteen hundred dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, this 11th day of November, 1876.

" The above obligation is, nevertheless, upon the following express condition, to wit: That whereas, the said David F. Hinkle recovered a judgment, amongst other things, against said John W. Holmes, for the foreclosure of a chattel mortgage to make the amount of $—— and costs of suit, at the April term, 1876, of the Jackson Circuit Court, in a certain suit then therein pending, wherein the said David F. Hinkle was plaintiff and James Ramey, Daniel E. Ramey and John W. Holmes were defendants, and the said John W. Holmes has appealed from said judgment to the Supreme Court of Indiana, and has obtained a supersedeas in said case: Now, if the said appellant will duly prosecute his said appeal, and abide by and pay the judgment and all costs which may be rendered or affirmed against him, then the above obligation to be null and void; else to be and remain in full force and effect.

" In witness whereof we have hereunto set our hands and seals, this 11th day of November, 1876.

" John W. Holmes.    [seal]

" E. C. Emery.       [seal]

" Filed November 11th, 1876.

" John Scott, Clerk."

That thereupon the said sheriff stayed the sale of the mortgaged property upon said execution and order of sale, and on the 13th day of November, 1876, returned the same unsatisfied, after which all further proceedings upon said judgment were stayed until the November term, 1878, of the Supreme Court, when said judgment was affirmed by that court; that afterwards, at the May term, 1879, of the Jackson Circuit Court, the opinion and judgment of the Supreme

Hinkle *v.* Holmes *et al.*

Court in the cause were spread upon the proper record of said Jackson Circuit Court; that at the time the order of the Supreme Court staying all further proceedings on the judgment appealed from was issued, the mortgaged property included in the decree of foreclosure was of the value of $1,000; that the defendant Holmes continued in the possession and use of said mortgaged property from that time, under such order staying proceedings, until the 12th day of April, 1880, and that during that period of time he so used and abused said property that it became comparatively worthless and of no value as a security for the judgment, for the payment of which it had been decreed to be sold; that the other defendants James Ramey and Daniel E. Ramey were during all that period of time and have ever since continued to be, insolvent; that on the 22d day of November, 1879, another execution and order of sale was issued upon said judgment by the clerk of the Jackson Circuit Court to the sheriff of said county of Jackson, upon which said mortgaged property was duly advertised and sold by said sheriff for the sum of $265; that, after deducting said sum and certain other payments which had been made on said judgment, there was due and unpaid thereon, on the 12th day of April, 1879, the sum of $302.05, which sum, with accrued interest, still remained unpaid. Wherefore judgment was demanded.

A demurrer was sustained to the complaint, and, upon further proceedings, final judgment was rendered in favor of the defendants upon demurrer.

The plaintiff, appealing, insists that the court erred in sustaining the demurrer to the complaint.

The complaint might have been made more certain and specific as to the circumstances attending the execution and approval of the appeal bond in suit, but the appellee makes no question upon the complaint in that respect, and, consequently, we have not considered whether, for that reason, the complaint was bad upon demurrer.

As bearing, however, upon the question thus suggested, it

may be remarked that this case differs in some material respects from the cases of *Ham* v. *Greve,* 41 Ind. 531, and *Buchanan* v. *Milligan,* 68 Ind. 118, and especially in the fact that those cases were upon bonds executed to perfect appeals taken in term time, and not to obtain a supersedeas after the close of the term, as in this case, and in the further fact that in this case a stay of proceedings is charged to have resulted from the execution of the bond sued on.

The appellees claim, on their part, that, as no personal judgment was rendered against Holmes in the original action, the bond executed by them, in legal effect only restrained the appellant from selling the mortgaged property during the pendency of the appeal to the Supreme Court, and secured the payment of such costs as might be adjudged against Holmes by that court, and that, as it was shown by the complaint that the only judgment rendered against Holmes upon the appeal was for costs, and that all the costs taxed in the cause had been paid by the sale of the property and otherwise, it was thus made to appear upon the face of the complaint that the condition of the bond had been performed.

There is some plausibility in the construction contended for by the appellees, but it is one which, we think, we would not be justified in adopting.

Although there was no personal judgment against Holmes, he was, nevertheless, a defendant in the action, and the fair inference from the averments of the complaint is that he was either the owner of, or had some claim upon, the mortgaged property, or had some interest in the subject-matter of the action.

To entitle him to the full benefit of his appeal, it was necessary that he should have a stay of proceedings as to the sale of mortgaged property, and that, in the very nature of things, involved a stay of proceedings upon the entire judgment. The stay of proceedings granted to Holmes, in aid of his appeal, was, for that reason, properly made applicable to the personal judgment against the Rameys as well as to the de-

cree of foreclosure, and the bond must be construed as having been given to indemnify the appellant to at least the extent to which he was liable to be injured by the appeal, as also to secure the payment of the costs which might be adjudged against Holmes in this court.

The construction contended for by the appellees would, upon the facts averred, leave the appellant without any adequate remedy for the injury to him inflicted by the appeal, and would, as a precedent, practically destroy the value of an appeal bond in a case like this.

It is not necessary that an appeal bond shall be signed by all the judgment defendants. *Railsback* v. *Greve*, 58 Ind. 72.

The facts as to the relation of Holmes to the original action, and to the mortgaged property, are so meagerly stated that we do not feel justified in intimating what ought to be the measure of damages in case of an ultimate recovery in this action, but we are of the opinion that the complaint contained facts sufficient to make a cause of action against the appellees.

This case is distinguishable in some material respects from that of *Willson* v. *Glenn*, 77 Ind. 585. Amongst other differences, there was no personal judgment against any one, nor was any injury to the mortgaged property charged in that case. *Jones* v. *Droneberger*, 23 Ind. 74; *Railsback* v. *Greve*, 49 Ind. 271.

The judgment is reversed, with costs, and the cause remanded for further proceedings.