Filed April 17, 1884.

---

No. 10,677.

## HESHION ET AL. *v.* SCOTT, ADMINISTRATOR.

ASSIGNMENT OF ERRORS ON APPEAL FROM MARION SUPERIOR COURT.—On appeal from the Marion Superior Court, error can not be well assigned upon the rulings at special term.

PLEADING.—*Complaint on Appeal Bond.*—A complaint on a bond in the usual form, given on appeal to the Supreme Court, which properly alleges the judgment, the appeal from it, the execution of the bond, making it an exhibit, and alleges that the judgment was affirmed and remains unpaid, is good.

From the Superior Court of Marion County.

*B. F. Davis,* for appellants.

*F. Alford,* for appellee.

BICKNELL, C. C.—The appellee, as administrator *de bonis*

*non* of the estate of Valentine Meier, deceased, brought this suit against the appellants on an appeal bond.

The complaint averred that said Valentine Meier, now deceased, on the 29th of June, 1880, recovered a judgment against Patrick C. Leary in the Hancock Circuit Court for the possession of real estate and $325 as damages for its detention, from which judgment said Leary appealed to the Supreme Court, and executed his appeal bond, in the penalty of $1,500, with the defendant Charles Heshion as his surety, conditioned that said Patrick C. Leary would duly prosecute said appeal and pay the judgment and costs which might be rendered against him.

A copy of the bond, which is in the common form, was made a part of the complaint, showing that the defendants were held and firmly bound unto the said Valentine Meier, as stated in the complaint. The bond is dated June 30th, 1880. The complaint further averred that said judgment of the Hancock Circuit Court was affirmed by the Supreme Court, and remains wholly unpaid; that Valentine Meier died testate on the 16th day of January, 1881, and that on the 30th day of April, 1881, the said plaintiff was appointed administrator *de bonis non* of said Meier's estate, with the will annexed. Wherefore, etc.

The defendants jointly demurred to the complaint, for want of facts sufficient. This demurrer was overruled, but no exception was taken. The defendants each filed a general denial of the complaint.

Upon a trial by the court, in special term, without a jury, there was a finding for the plaintiff for $397, upon which a judgment was rendered collectible without relief from valuation or appraisement laws, with an order that the property of the defendant Leary be first exhausted before resort had to the property of the defendant Heshion. There was no objection made to this judgment, and no motion was made to modify it.

The defendants moved for a new trial, but the motion is

not in the record, being omitted " by direction of the appellants." The motion was overruled, and the defendants excepted, but there is no bill of exceptions, the same " being omitted by direction of the appellants."

The defendants appealed to the superior court in general term, and there they assigned the following errors.

1. The court in special term erred in overruling the defendants' demurrer to the complaint herein.

2 and 3. The court in special term erred in overruling the motion for a new trial.

The court in general term affirmed the judgment of the court in special term.

The defendants then appealed to this court, and here they assign errors as follows:

1. The court below at special term erred in overruling the separate demurrers of appellants to the complaint.

2. The court in special term erred in rendering a judgment collectible without relief from valuation or appraisement laws.

3. The court at general term erred in affirming the judgment at special term.

4. The complaint does not state facts sufficient to constitute a good cause of action.

The first two of these assignments of error are not valid assignments. Buskirk Prac. 127. As to the two remaining assignments, the record shows clearly that the court in general term did not err in affirming the judgment of the court in special term, and the complaint was clearly sufficient. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the superior court in general term be and the same is hereby in all things affirmed at the costs of the appellant, with ten per cent. damages.

Filed Dec. 19, 1883. Petition for a rehearing overruled April 17, 1884.