Hartlep *et al. v.* Cole.

———◆———

No. 13,091.

HARTLEP ET AL. *v.* COLE.

PLEADING.—*Complaint upon Replevin and Appeal Bonds.*—For a complaint counting in separate paragraphs upon a replevin bond and upon an appeal bond, which is held to be good, see opinion.

REPLEVIN BOND.—*Technical Defects.*—*Estoppel.*—The obligors in a replevin bond, under which the possession of the property in controversy has been obtained, are estopped, in an action on the bond for a failure to comply with an adverse judgment of the court, to set up as a defence that the statutory provisions relating to the execution of the bond were not technically complied with.

SAME.—*Acceptance and Approval of Bond.*—Where a replevin bond is delivered to the sheriff, and he, acting upon such delivery, places the property in the possession of the principal obligor, this constitutes an acceptance and approval of the bond.

SAME.—*Action upon Bond.*—*Subsequent Issuing of Execution.*—In an action upon a replevin bond, the fact that the plaintiff, after the beginning of the action, causes an execution to be issued upon the judgment rendered in the replevin proceeding, and also upon the judgment under which the property was seized prior to the institution of the replevin proceeding by the defendant, does not constitute a defence.

APPEAL BOND.—*Term-Time Appeal.*—*Approval of Bond.*—Where an appeal is taken in term, and the court fixes the amount of the bond required,.

approves the surety named and designates the time within which the bond must be filed, this constitutes an approval of the bond by the court, and an approval by the clerk is not necessary.

SPECIAL FINDING.—*Time of Requesting.*—*Discretion of Court.*—If the request for a special finding is not made at the commencement of the trial, the right thereto is waived, and thereafter it is a matter within the sound discretion of the court whether or not it will make a special finding.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellants.

*J. W. Cole,* for appellee.

BERKSHIRE, J.—The appellee was the plaintiff below. The complaint was in two paragraphs. The first counted upon a written undertaking executed by the appellants to obtain the possession of personal property in an action of replevin. The second counted upon an appeal bond executed by the appellants for the purpose of perfecting an appeal taken in term by the appellant Hartlep from a judgment rendered against him by the Warren Circuit Court.

The appellants answered in two paragraphs, which were demurred to. The demurrers were sustained and exceptions taken.

The appellants then filed two additional paragraphs of answer, the first of which was the general denial. To the second paragraph the appellee filed a reply in general denial. There was a trial by the court, a general finding for the appellee, and, over a motion for a new trial, judgment was given for the appellee. To the overruling of their motion for a new trial the appellants excepted.

The several errors assigned are, in substance, as follows: 1. The court erred in sustaining the demurrer to the first paragraph of answer. 2. The court erred in sustaining the demurrer to the second paragraph of answer. 3. The court erred in sustaining the demurrer to the answer. 4. The court erred in overruling the motion for a new trial. 5. The court erred in sustaining the appellee's demurrer to the appellants' answer to the complaint. 6. The complaint does

not state facts sufficient to constitute a cause of action. 7. The court erred in refusing to make a special finding.

The first paragraph of the complaint alleged that, on the 9th day of July, 1883, the appellant Hartlep filed in the clerk's office of Warren county his complaint and affidavit by which he sought to recover from the appellee certain personal property therein described, and that the clerk of said court on that day issued a writ directing the sheriff of Warren county to take said property from the appellee and deliver it to the appellant Hartlep upon his giving the written undertaking required by law, and on the same day the said sheriff executed said writ by taking from the appellee the said property and delivering it to the appellant Hartlep, and upon the delivery of said property the sheriff accepted the said written undertaking of the appellants, which they then and there executed and delivered to him; that by the terms of the said undertaking the appellants undertook and bound themselves, among other things, that the appellant Hartlep should return to the appellee the said property if return should be awarded, and to pay all such sums as the appellee should recover in said action; and the appellee avers that such proceedings were had in said action that at the January term, 1884, of said court, by the consideration and judgment thereof, it was adjudged that the appellant Hartlep return said property to the appellee, and that he recover of the said appellant his costs and charges laid out and expended, amounting to $100, which are still due and unpaid; that the said judgment is still in full force, and that the appellants have failed and refused to return said property, or pay said costs upon request so to do.

The second paragraph of the complaint alleged that the appellee recovered a judgment against the appellant Hartlep for the recovery of one bay mare of the value of $125, then in said appellant's possession, and a judgment for his costs in said action; that the appellant Hartlep was granted an appeal to the Supreme Court from said judgment upon condi-

tion of his filing a bond in the sum of $200, with his co-appellant as surety, within thirty days from the date of said judgment, which bond was duly filed on the 31st day of January, 1884, with the clerk of the Warren Circuit Court, and which bond was duly approved by the clerk ; that, by the terms of said bond, the appellants bound themselves in the penal sum of $200 that the appellant Hartlep would duly prosecute his said appeal to effect, and abide by and pay the judgment and costs that might be adjudged against him ; and that, on the 25th day of April, 1885, this court affirmed the said judgment in all things against said appellant, which judgment is now in full force and effect; that the appellants have failed and refused to return said property, or pay therefor, and have failed to perform and satisfy said judgment.  Copies of the obligations sued on are filed with the complaint as required by the statute.

We can see no valid objection to either paragraph of the complaint.

It is too late for the appellants, after having executed the replevin bond and obtained possession of the property, after the court has rendered judgment awarding the property to the appellee, and after a failure to comply with the order of the court or pay the judgment, to set up as a defence to the action that the statutory provisions in regard to the execution of the bond were not technically complied with; the law of estoppel will not allow such an unconscionable defence. But the bond having been delivered to the sheriff, and he, acting upon such delivery, having turned the property over to the appellant Hartlep, this constituted an acceptance and approval of the bond.  The sheriff did endorse his approval on the bond, as the copy shows, but this was not necessary.

The presumption is, that an officer does his duty ; it was the privilege of the appellee to waive the right which the law gave him of executing a bond and retaining possession of the property, and the contrary not appearing, if necessary to sustain the action of the sheriff in accepting the bond and

delivering the property to the appellant Hartlep, this court would presume a waiver.

The appeal bond was executed pursuant to the order of the court in granting the appeal which was taken in term. The court fixed the amount of the bond and approved the surety named, and designated the time within which the bond must be filed. This was an approval by the court, and though it is alleged in the paragraph of complaint that the clerk approved the bond, and though he assumed so to do by his endorsement thereon, this makes no difference. See section 638, R. S. 1881; Buskirk Practice, 61. The bond was filed within the time given by the court.

The first paragraph of the answer alleged, in substance, that, on the 13th day of October, 1885, and for a long time thereafter, the sheriff of Warren county had in his hands an execution duly issued on the judgment described in the appellee's complaint, commanding the said sheriff to take from the appellant Hartlep the mare, which was the property in controversy in the action of replevin, and deliver the same to the appellee, and to levy of the property of said Hartlep the sum of $51 costs, and that the appellee, after the filing of his complaint in this action, and for a long time thereafter, and to the time of the filing of this answer, was prosecuting said execution, and said sheriff did collect thereon the sum of $60.

The second paragraph of answer alleged, in substance, that the judgment described in the said second paragraph of complaint against the appellant Hartlep was rendered in an action wherein said appellant had replevied a mare from the appellee, who had taken the same upon an execution issued by Montgomery Myers, a justice of the peace of said county, for $25 and costs; that since the beginning of said replevin suit, and since the beginning of this action, an execution duly issued by said Myers on said judgment on his docket had been placed in the hands of a constable of said county, who

had served the same on said appellant since the bringing of this action.

These paragraphs of answer are not sworn to, and are not pleaded in abatement, but in bar.

The facts pleaded do not tend to show a defence to the cause of action, and if material for any purpose, it is as tending to show that the action ought to abate; but we do not regard them as material in any event.

The request for a special finding was not made at the beginning of the trial, but after the evidence had been partly heard. The bill of exceptions does not inform us how far the trial had progressed when the request for a special finding was made, except that the appellee was not through with his evidence in chief.

The statute (R. S. 1881) does not designate the stage of the proceedings after which it will be too late to request a special finding, but we are of the opinion that the Legislature did not intend that parties might delay until the trial was well under way and then require a special finding.

We think that it is due to the court that the request be made at the beginning of the trial, and necessary that substantial justice may be done.

Section 537, R. S. 1881, requires that the court make brief notes of the evidence of the parties when requested so to do by either party. The language of this section is imperative, as is the section in regard to a special finding, but evidently the request must be made at the beginning of the trial. If no request is made the court is not required to take any notes of the evidence; a trial is commenced and no such request made, the evidence is heard and concluded and the court has made no notes of the evidence.

At the conclusion of the evidence the court has the testimony sufficiently in mind to be able to make a general finding, but not sufficiently so to make such a statement of the facts as would be necessary in a special finding; the request is then made for the first time for a special finding.

What is the court to do? but one of two things, to make an inaccurate statement of facts from an imperfect recollection, or re-try the case. Again, the court may take brief notes, as required, when requested to make notes, and yet the character of the evidence be such that to make an intelligent and proper special finding full notes would be required. If the request is made with the beginning of the trial, the court makes preparation as the trial progresses, and at the conclusion of the trial is fully prepared to make a special finding, and we think that it is no hardship on the parties if they desire a special finding, to request it when the trial begins. We are of the opinion that if the request for a special finding is not made at the commencement of the trial, the right thereto is waived, and thereafter it becomes a question within the sound discretion of the court whether it will make a special finding or not.

Section 546, R. S. 1881, provides that "the court shall, at the request of either party, direct them (the jury) to give a special verdict in writing upon all or any of the issues; and in all cases, when requested by either party, shall instruct them, if they render a general verdict, to find specially upon particular questions of fact, to be stated in writing."

In *Kopelke* v. *Kopelke*, 112 Ind. 435, the construction of the section of the statute from which we have quoted was under consideration, and the question involved was very similar to the one now under consideration, and the court, through the learned judge who wrote the opinion, said: " It will be seen from these provisions that the code, while it imperatively requires the court, at the request of either party, to instruct the jury, if they render a general verdict, to find specially upon particular questions of fact, stated in writing, does not prescribe the time when such request shall be made, or when such written questions of fact must be presented to the court. Manifestly, these matters are left by the code, and properly so, we think, to the sound discretion of the trial court. We can not say that the court, in its action now com-

plained of, abused its discretion, nor can we say that such ac-
tion was erroneous." See *Clark* v. *Deutsch*, 101 Ind. 491.

We find no error in the record.

Judgment affirmed, with costs.

Filed Oct. 8, 1889.