Pierce v. Banta.

No. 516.

PIERCE v. BANTA.

APPEAL BOND.—*Action on.*—*Complaint, Sufficiency of.*—Where the complaint, in an action on an appeal bond, alleges the judgment appealed from, the appeal from the judgment, the execution of the appeal bond, the making of the bond an exhibit, and that the judgment was affirmed and remains unpaid, the complaint shows a *prima facie* right of action.

SAME.—*Liability on.*—*Principal and Surety.*—*Defenses.*—*Collateral Attack.*—*Judgment.*—A. mortgaged certain land to B. Subsequently the land was sold to C. for taxes, after which B. foreclosed his mortgage on the same, and both B. and C. received deeds for the same. It being discovered that the sheriff's sale to B. was invalid, B. brought suit against A. and C. to set aside the sale, the deed, and the satisfaction of the decree of foreclosure, which he obtained, and leave was granted to resell the land in pursuance of the terms of the decree. From this last judgment, C. appealed to the Supreme Court, where the cause was reversed. Pending the appeal, a resale of the property was had, D. purchasing the same, and, in due time, received a sheriff's deed therefor, the appeal having been taken without bond and stay of proceedings. D., upon receiving the sheriff's deed, and while the appeal was still pending in the Supreme Court, brought an action of ejectment against A. and C., and obtained a judgment against them. From this judgment C. appealed to the Supreme Court, and executed an appeal bond, with E. as her surety. The judgment of ejectment was affirmed on appeal, but C. still retained possession of the property, contrary to the judgment, and C. having died in the meantime, suit was instituted on the appeal bond against E., the surety, alone. E. sought to set up in defense to the action on the bond the reversal of the former judgment.

*Held*, that so long as the judgment in ejectment stands affirmed by the Supreme Court, C. could not avoid liability on the bond, and that, in this respect, the surety is in no better position than the principal.

*Held*, also, that no defense can be interposed to an appeal bond touching the validity of the judgment upon which it is based, that would not have been proper as a defense in a suit upon the judgment.

*Held*, also, that the defense attempted to be interposed to the suit on the bond was a collateral attack upon the judgment in ejectment, in the appeal of which the bond was given.

EVIDENCE.—*Appeal Records.*—*Admissibility.*—*Judicial Discretion.*—*Re-*

*versal.*—The question of introducing in evidence the record, on appeal, of a former proceeding, when it can not be readily separated so as to use only such portion as is strictly material, is largely a matter of judicial discretion resting in the trial court, and will not become a ground of reversal, unless injury is shown.

From the Cass Circuit Court.

*G. E. Ross,* for appellant.

*D. P. Baldwin,* for appellee.

REINHARD, C. J.—This action was brought on a bond given on an appeal to the Supreme Court, from a judgment in ejectment. In the court below, the plaintiff recovered judgment for $500.

The facts, as gathered from the record and briefs, are as follows:

In 1873, one Catharine Peters was the owner of three lots of real estate in the city of Logansport, on which she and her husband executed a mortgage to one Crawley, to secure a debt. The taxes for 1873 and 1874 on the lots having become delinquent, they were sold at tax sale to one Uhl, who, in 1877, obtained a deed and went into possession on his tax title. In 1878 Crawley foreclosed his mortgage, making Abraham and Catharine Peters defendants, but Uhl was not a party. In January, 1879, Uhl brought suit and quieted his title against the Peters, but did not make Crawley a party. Subsequently, Crawley assigned his judgment to one Guthrie, who had the property sold by the sheriff on his decree of foreclosure, himself becoming the purchaser. At the expiration of the period of redemption, Guthrie received a sheriff's deed, and in October, 1881, conveyed one of the lots to Banta, the appellee. In July, of the same year, Uhl conveyed his title to one Margaret Sheehan.

It was subsequently discovered that the sheriff's sale to Guthrie was invalid, having been made without ap-

praisement, contrary to the provisions of the decree. To remedy this defect in their title, Guthrie and Banta, in 1886, brought a joint suit in the proper circuit court against the Peters and Margaret Sheehan, who were in possession, and obtained an order setting aside the sale and deed, and the satisfaction of the decree of foreclosure, and granting leave to resell the real estate in pursuance of the terms of such decree. From this judgment Margaret Sheehan appealed to the Supreme Court, where the cause was reversed, upon the ground that Banta, who confessedly had received no title by his conveyance from Guthrie, had no interest in the subject of the action, and was, therefore, improperly joined as plaintiff, the court holding that the demurrer of Mrs. Sheehan to the complaint should have been sustained. *Peters* v. *Guthrie*, 119 Ind. 44.

Pending the appeal, a resale of the property was had, at which Banta became the purchaser, and, in due season, received a deed from the sheriff, the appeal having been taken without bond and stay of proceedings. Upon receiving his sheriff's deed, and while the appeal was still pending in the Supreme Court, Banta brought an action of ejectment against the Peters and Elizabeth Sheehan (now Ream), and, in the circuit court, obtained a judgment against them. From this judgment, Mrs. Ream appealed to the Supreme Court, and executed the appeal bond in suit, with the appellant, Pierce, as her surety. The judgment was affirmed September 20, 1889 (*Peters* v. *Banta*, 120 Ind. 416), but Mrs. Ream retained the possession, thus failing to comply with the terms of the judgment. Since then Mrs. Ream has died, and this action upon the bond is against Pierce, the surety, alone.

In the court below, upon issues joined, this cause was

tried by the court, resulting, as before stated, in a judgment in favor of the appellee.

The first error relied upon is the overruling of the demurrer to the complaint. It is insisted, by appellant's counsel, in argument, that the complaint is defective in failing to aver the following particulars:

1. That the bond was approved by the court.

2. That the penalty was fixed by the court.

3. That the time within which the bond was filed was designated by the court.

4. That the bond was filed within such time.

5. That the surety was approved by the court.

6. That the appeal was perfected within the legal limit after the bond was filed.

7. That a transcript was filed in the Supreme Court, and proceedings stayed upon the judgment.

The following are all the averments contained in the complaint covering the points above enumerated: "And this plaintiff further avers that feeling aggrieved by said judgment, said Margaret Sheehan appealed from said judgment to the Supreme Court of Indiana; that she gave an appeal bond, which was signed by herself and said Thomas Pierce;   *   *   *   that a copy of said bond which was filed and approved in the Pulaski Circuit Court, and was executed and delivered by said Thomas Pierce and Margaret Ream, is herewith filed and made part of this complaint, marked 'exhibit A'."

The record shows the filing of a copy of the bond with the complaint.

We regard the complaint as sufficient, without the specific averments insisted upon. Elliott's App. Proced., sections 370, 364, 368, 380; Hartlep v. Cole, 120 Ind. 247; Heshion v. Scott, Admr., 94 Ind. 570.

Appellant's counsel relies on the cases of Ham v. Greve, 41 Ind. 531; Buchanan v. Milligan, 68 Ind. 118.

These cases would seem to sustain counsel on the points presented, but we think the later decisions and the decided weight of authority upon this question are with the appellee, and clearly establish the principle that it would be unconscionable to permit the obligors of the bond to call in question its validity upon the ground that the principal obligor had failed to comply with all the legal provisions by which an appeal is usually perfected, when confessedly he has received all the benefits arising from the appeal. Every principle of the law of estoppel would thus be violated by permitting a party to the record to get an advantage of his own negligence and wrong in failing to perfect the appeal.

It is said, in Elliott's App. Proced., section 368: "As a general rule sureties are estopped by the recitals of the bond. Under this general rule they are interdicted from denying that an appeal has been taken, except where the bond is void. The judgment against the principal affirmed on appeal *is conclusive* upon the sureties. They are said by some of the courts to be regarded as strangers to the judgment, and, therefore, precluded from attacking it, except for fraud. It is evident that if the judgment were not regarded as conclusive settled principles would be violated and litigation be almost interminable. The principle is a general one and is sound, since to permit a party who, by words or conduct, declares that he has appealed, to deny that he did take an appeal would be to violate elementary principles."

In *Wachstetter* v. *State*, 42 Ind. 166, the court, in speaking of this subject, said: "He [the appellant] can not appeal in fact, and have all the benefit to be derived therefrom, and then be heard to say, because of some informality in his proceedings to obtain the appeal, that he never appealed at all, and thereby escape the conse-

quences of his appeal. * * The appellant affirmed by his acts and conduct that he appealed, and had the benefit of his appeal. He can not now be heard to affirm the contrary."

In *Hartlep* v. *Cole, supra,* which was a suit upon a replevin bond and an appeal bond, the court said, in reference to the former: "It is too late for the appellants, after having executed the replevin bond and obtained possession of the property, after the court has rendered judgment awarding the property to the appellee, and after a failure to comply with the order of the court or pay the judgment, to set up as a defense to the action that the statutory provisions in regard to the execution of the bond were not technically complied with; the law of estoppel will not allow such an unconscionable defense."

*Heshion* v. *Scott, Admr., supra,* was an action on an appeal bond. It was there declared that a complaint is sufficient in the particulars alluded to, which alleges the judgment, the appeal from it, the execution of the bond, making it an exhibit, and that the judgment was affirmed and remains unpaid.

Turning once more to Elliott's App. Proced. (section 380), we find the following language used in regard to the case of *Buchanan* v. *Milligan, supra,* one of the cases relied upon by the appellant: "In one of the decisions, a very strict rule is laid down respecting the enforcement of appeal bonds, and if that decision be followed to its logical consequence it is necessary for a plaintiff in an action upon an appeal bond to aver that the penalty of the bond was fixed by the court, for, according to that decision, the averment of approval by agreement of parties does not dispense with an order fixing the penalty. We venture to suggest that the decision goes too far, inasmuch as it completely ignores the doctrine of estoppel

and attaches no importance to the agreement of the parties. It is impossible to resist the conclusion that the court in the case under examination lost sight of the doctrines of waiver and estoppel, and thus, as we believe, fell into error. We think that where the plaintiff in an action upon an appeal bond states facts showing that the bond was taken pursuant to the statute or that compliance with the statute was waived by agreement, that there was an affirmance of the judgment from which the appeal was prosecuted, and that the judgment has not been paid, he shows a *prima facie* right of action. It is, as all the well considered cases show, the policy of the law to uphold appeal bonds and not to suffer them to be treated as of no effect where there is a waiver, an estoppel, or a substantial compliance with the statute."

Without further quotation or citing of authority, we will conclude this branch of the inquiry by declaring that, in our judgment, the averments of the complaint objected to are sufficient to withstand the demurrer, and the court committed no error in overruling it.

The appellee filed answers in general denial and setting forth affirmatively the facts relied upon in defense of the action on the bond.

Replies were filed by the appellee, denying the affirmative paragraphs of the answer, and seeking, by confession and avoidance, to sustain the right of recovery, notwithstanding the facts set up in the answer.

The court, upon request, made special findings of the facts, and gave its conclusions of law upon the same.

The facts pleaded and found do not differ materially from those set out in the introductory portion of this opinion. By the ruling of the court on demurrer, and in various ways, the question is presented to us whether, under the existing facts, the appellee was entitled to recover on the bond.

In the ejectment suit, Mrs. Ream asserted that Banta had no title nor right of possession; that the only title or right of possession claimed or relied upon by him was by reason of his sheriff's deed; that the sale upon which the deed was based was made by virtue of a judgment of the circuit court directing such sale; that an appeal had been taken from said judgment, and was then still pending. The court below refused to allow Mrs. Ream to plead the pendency of the appeal, and held that the facts pleaded showing a judgment to resell the property constituted an adjudication of the questions which Mrs. Ream sought to reopen, and in this view the Supreme Court, on appeal, concurred. *Peters* v. *Banta, supra.*

In the case at bar, the appellant, in the court below, set forth these facts in his answer, and also that subsequently to the rendition of the judgment in ejectment, the Supreme Court reversed the judgment upon which the appellee's title and right of possession were based. The court refused to entertain this defense, holding, in effect, that the judgment in ejectment was conclusive upon the appellant as to his liability on the bond.

The appellant insists that he should have been allowed to set up the reversal of the former judgment as a defense to the action on the bond. His counsel argues that if the reversal had occurred prior to the trial of the action in ejectment, there could have been no doubt as to Mrs. Ream's right to plead such reversal in defense of that action, and as she has had no opportunity to plead the same sooner, she should have been allowed to do so in this suit.

Upon the reversal of the judgment by the Supreme Court, Mrs. Ream was entitled to restitution or damages. R. S. 1881, sections 670–673.

This remedy is clearly pointed out by the statute, and

Mrs. Ream could have easily availed herself of it by proceeding under such statute, had she chosen to do so.

The defense attempted to be set up to the suit on the bond is nothing more nor less than a collateral attack upon the judgment in ejectment, in the appeal of which the bond was given. It is so well settled that a judgment of a court of general jurisdiction, which is not absolutely void, can not be attacked collaterally, that no authorities need be cited in support of the proposition.

No defense can be interposed to an appeal bond, touching the validity of the judgment upon which it is based, that would not have been proper as a defense in a suit upon the judgment. The latter, in either case, is conclusive, unless it is void, and no defense can be upheld that has not arisen since the rendition. In the ejectment suit, Mrs. Ream was a defendant, and the court had jurisdiction of both her person and the subject-matter. The sole purpose of the defense now urged is to attack the validity of the judgment by matters *dehors* the record. Such a defense is a collateral attack upon the judgment, and can not be made by a party to the record. *Harman* v. *Moore*, 112 Ind. 221.

It will not do to say that Mrs. Ream had no opportunity to make the defense at an earlier stage of the proceedings in these cases. She could have proceeded, as we have seen, to have restitution in the proper court, under the statute. Perhaps she might, after the reversal, have maintained an action to review on account of new matter, under the code, and in that connection have the proceedings stayed. R. S. 1881, sections 615–620, as to which, however, we need not decide.

Had she given bond, she could have obtained a stay of proceedings on the judgment until a decision was had. After the reversal, a trial could have taken place upon the merits, and if the decision had been favorable

to her, on final trial she would have been in a position to plead such decision in defense of the ejectment suit. But if she did not desire to give bond, she had still another remedy. She could have obtained an order to stay the proceedings in the action of ejectment until the determination of the appeal in the Supreme Court upon the other judgment; and she need not have given bond to avail herself of this remedy. *Walker* v. *Heller*, 73 Ind. 46; *Fehrle* v. *Turner*, 77 Ind. 530; *Peters* v. *Banta, supra*.

It is not strictly accurate, therefore, to say that the opportunity to set up this defense in the suit on the bond was the first one available to her. But even if such were the case, we know of no reason why the judgment should be of any less force and effect as long as it remains.

Mrs. Ream should, in some way, have rid herself of the judgment in which the appeal bond was given. As long as that judgment stands affirmed by the Supreme Court, she could not avoid liability on the bond, and if she can not do so, neither can her surety.

The judgment in ejectment, so long as it stands, conclusively settles the right of the appellee to the possession of the real estate in controversy as between the parties and their privies, though it be true that the judgment upon which it was based was afterwards reversed. *Gould* v. *Sternberg*, 128 Ill. 510; 2 Black Judg., section 683.

The most that can be said against the sale and deed is that they are voidable at the option of the judgment debtor, or her privy, Mrs. Ream. She might elect to have the sale set aside, or sue for damages. Freeman Judg., section 482.

This, as we have seen, is also the statutory remedy. Sections 612–620, *supra*.

But to treat as void, by reason of the reversal, not only the sale and deed, but also a subsequent judgment which

is in full force and effect, confirming the sale and holding it valid, is contrary to all legal principles.

We have treated the case as if the order of court for a resale and setting aside the satisfaction had been necessary to make valid both the resale and the deed based upon it. We are by no means certain, however, that such an order of procedure was necessary. We are not sure that when it was discovered that the original sheriff's sale was void, the sheriff might not have proceeded without such order to expose the property for sale a second time. If the first sale was void, the sheriff must be held to know it, and his return, showing satisfaction of the decree of foreclosure, was void also. That being the case, could not that officer have sold the property a second time without any order of court? and if so, may it not be presumed that he did so independently of such order?

If so, is not the second sale valid without any judgment directing it?

If it is, the appellee had a good title to the property, and the proceedings of the court respecting the resale were supererogatory.

Whatever view we take of it, we are driven, unavoidably, to the conclusion that the court below committed no error in its rulings upon the demurrers to the pleadings, and in its conclusions of law upon the special findings, in holding that the facts relied upon by the appellant constitute no defense to the action on the bond.

The appellant further complains that the special findings are not sufficiently full and specific for the purpose of determining the legal questions passed upon by the trial court. Waiving any question as to the correct mode of raising this point, we do not hesitate to declare, that, in our opinion, the same is not well taken in any event. The finding that there was a judgment; that it was appealed from; that a bond was executed with

Pierce v. Banta.

surety, and delivered; and that the judgment was affirmed on appeal, is all that was required.

What we said as to the sufficiency of the complaint, applies with equal force here. The appellant's principal having enjoyed the full benefit of the appeal, appellant is estopped to inquire into or question the regularity of the same.

The overruling of the motion for a new trial is the last error we are called upon to consider. The appellant thinks the court erred in permitting the appellee to put in evidence the entire record filed in the Supreme Court, in the appeal of the ejectment suit. How the appellant was injured by this ruling, is not shown, unless it be in regard to the additional cost occasioned by so much of such record as was not necessary to the determination of the issues in this cause.

No question, however, is before us respecting this point.

The same is true of the introduction of the Crawley mortgage and decree of foreclosure, and the deed from the sheriff to Guthrie.

No objection is pointed out that requires a reversal of the cause on its merits. Such questions, as to the introduction of evidence of the character complained of, when it can not be readily separated so as to use only such portion as is strictly material, are largely matters of judicial discretion resting in the trial court, and, unless injury is shown, will not become the ground of reversal on appeal.

There was no motion touching the taxation of costs, and as this is the only manner in which that question could become proper for our determination, we can not further consider it.

Judgment affirmed.

Filed Sept. 14, 1892; petition for a rehearing overruled Dec. 15, 1892.

NOTE.—The foregoing opinion properly belongs in 4th Ind. App., from which it was inadvertently omitted.—REPORTER.