The Midland Railway Company *et al. v.* Stevenson.

Filed February 3, 1893.

No. 745.

THE MIDLAND RAILWAY COMPANY ET AL. *v.* STEVENSON.

PLEADING.—*Sufficiency of Complaint.—Action on Injunction Bond.—Matter in Abatement.—Special Findings.—Executions.—Levy on Property.—Injunction.* —In an action on an injunction bond to recover expenses of a dissolution of the injunction where the sale of property levied upon was sought to be enjoined, the invalidity of the executions or of the judgments upon which they were issued can constitute no defense. In such an action the complaint is sufficient to withstand a demurrer if it shows a right to recover for attorney's fees alone; and, if the cause has been appealed and the judgment affirmed, the complaint is sufficient as against a demurrer where it alleges the affirmance of the judgment, and that it is unpaid, and, if objected to on the ground of not being sufficiently specific, the proper remedy is by motion to make more specific; and, in such an action, the findings are not defective which fail to show the constable to have been duly elected or appointed, but do show him to have been an "acting constable" as alleged in the complaint.

ABATEMENT.—*Matter in.— When Interposed.—How Determined.*—In an action on an injunction bond to recover costs of dissolution, it appears from the findings that the decree in the injunction proceedings was affirmed in the Supreme Court December 17th, 1891, and that the opinion was certified down February 20th, 1892, and that the action on the bond was commenced January 5th, 1892. The fact that the action was commenced on the bond before the opinion of the Supreme Court was certified down could, at most, only be matter in abatement, and could serve no purpose in determining the action on its merits; but such matter must be pleaded specially, and the issues thereon determined before the issues on the merits are made up.

From the Tipton Circuit Court.

*W. R. Crawford,* for appellants.

*W. R. Fertig* and *H. J. Alexander,* for appellee.

GAVIN, J.—This was an action brought by appellee against appellants upon a bond given by appellants to obtain a temporary injunction against appellee selling an engine and tender levied upon by him.

The complaint alleges, among other things, that appellee was "acting constable" of Noblesville township, in Hamilton county, and, by virtue of certain executions in his hands, had levied upon a certain engine and tender as the property of the judgment defendant, the said company; that upon said company's motion, and after giving the bond sued on, a temporary injunction was issued restraining said appellee from proceeding with such sale; that appellee filed his demurrer to the complaint, and also a motion to dissolve the restraining order, both of which were sustained, and it was ordered and adjudged that said injunction be dissolved, and the plaintiff in that action refusing to plead further, judgment was rendered in favor of appellee, on November 5th, 1891, "which judgment and order remains in full force and effect; and on appeal therefrom to the Supreme Court of Indiana, taken by said railway company, the same was in all things affirmed." Claim is made for attorney's fees, loss of time, and loss of fees, and the amount thereof is alleged to be due and unpaid.

After a change of venue, there was a motion to dismiss the action as prematurely brought, and an answer thereto, to which a demurrer was overruled, and the motion to dismiss then overruled.

There was then a trial by the court on the general denial, and judgment for appellee, on special findings, for his attorney's fees and loss of time in dissolving the injunction.

There are several assignments of error which are not discussed by counsel for appellants and must, therefore, be deemed to have been waived by him.

The only errors argued by appellants in this court are:

*First.* That the court erred in overruling the demurrer to the complaint.

*Second.* That the court erred in overruling appellants' motion for judgment on the findings, and, also, in overruling the motion for a new trial, these two causes being thus grouped under one head.

It is urged as an objection to the sufficiency of the complaint that it does not appear that the executions alleged to have been in appellee's hands were issued upon valid judgments. Such objection can not be raised in this cause. This action is upon the bond—not upon the judgments. The invalidity of the executions, or of the judgments upon which they were issued, might have furnished good grounds for sustaining the injunction suit, but it is not permitted, in this action to recover the expenses of a dissolution, to test the correctness of the rulings of the court in that suit. *Sipe* v. *Holliday,* 62 Ind. 4; High on Injunctions, section 1624.

It is not sought, in this action, to recover the moneys due on the executions. A right to recover the attorney's fees alone is sufficient to sustain this complaint against a demurrer.

Appellants further insist upon the insufficiency of the complaint because it appears that the action is prematurely brought, by reason of the failure of the complaint to show that the injunction suit was finally terminated, it not appearing that the sixty days allowed for a petition for rehearing had expired. In support of this proposition, counsel cites *Railsback* v. *Greve,* 49 Ind. 271, wherein a complaint on an appeal bond is held bad because, although it alleged an affirmance of the judgment, it did not allege that the sixty days had expired, nor that the case had been certified down.

Whatever weight this case might otherwise have, its force is overthrown by the fact that in *Heshion* v. *Scott, Admr.,*

94 Ind. 570, the Supreme Court held a complaint on an appeal bond to be good which simply alleged the affirmance of the judgment, and that it was unpaid.

The latter being the later expression of the Supreme Court, it must be regarded by this court.

Without deciding that the enforcement of the right to recover expenses incurred in obtaining a dissolution of a temporary injunction must await the final termination of the main action, we think it clear that the allegations in this pleading, that the judgment had been in all things affirmed and that the claim was then due, were sufficient to show the final disposition of the cause in the Supreme Court in some manner, so as to enable the complaint to withstand the demurrer, and devolve upon the defendants the duty of pleading to it. Had they not deemed the complaint sufficiently specific as to this point, a motion to make it more specific was their remedy. Not making this, they might have raised, by special plea, any question as to the maturity of the cause of action not appearing on the face of the complaint.

Under the second specification of error, appellants claim that it does not affirmatively appear from the findings that the executions in the hands of appellee were based upon valid judgments. That this was unnecessary has already been held in passing on the demurrer to the complaint.

The findings are not defective in failing to show that appellee was a legally elected or appointed constable. They do show that he was "acting constable," at least, and this is all that is claimed for him in the complaint; neither would the legality of his holding be material in this action. The injunction being adjudged wrongful, the appellee was entitled to be made whole as to the expenses incurred in freeing himself from it.

It appears from the findings that the case was affirmed in the Supreme Court, on the 17th of December, 1891, and

The Midland Railway Company *et al. v.* Stevenson.

that the opinion was certified down on February 20th, 1892, while this complaint was filed January 5th, 1892. Appellants here reiterate their claim that the action was prematurely brought, and that there was no action accrued to appellee when his complaint was filed.

The facts found show that, at the time of the trial, the main action had unquestionably been finally disposed of, and appellee's claim fully matured. They are, at the most, simply facts that would go to abate this particular action, and would in no manner tend to constitute a defense to the action on its merits.

The facts shown, if available for any purpose, were simply matter in abatement, and, therefore, not available upon the final trial of the cause upon its merits. Such matter, when not appearing on the face of the complaint, must be pleaded specially, and the evidence on such a plea heard, and the issues determined before the issues on the merits are made up. Section 365, R. S. 1881; *Glidden* v. *Henry*, 104 Ind. 278; *Norris* v. *Scott*, 6 Ind. App. 18.

The distinction between the two classes of pleas is thus expressed by Judge Mitchell, in *Moore* v. *Sargent*, 112 Ind. 484:

" Pleas in bar are addressed to the merits of the claim, and go to impair or defeat the action altogether; whereas, pleas in abatement tend merely to defeat or suspend the suit for the time being. The plea under consideration (that the action was prematurely brought), was of the latter class, and was, therefore, not properly pleaded with defenses in bar."

The judgment is affirmed.

Filed February 14, 1893.