## CURTIS v. NORTH AMERICAN INDIAN, Inc., et al.

(Circuit Court of Appeals, Ninth Circuit. January 9, 1922.)

No. 3716.

1. **Replevin ⬅33(2)—Marshal had power to proceed under bond approved by judge.**

That formal affidavit of replevin and bond for delivery of property in the state of Washington were executed and filed, not with the marshal, but with clerk of federal District Court, and that the bond was approved by the District Judge, who ordered that a writ of replevin issue, instead of by the marshal, did not render invalid the action of the marshal in proceeding to take charge of the property, under Rem. Code Wash. 1915, §§ 707–717, providing that affidavit and bond be filed with the sheriff, etc.

2. **Trial ⬅82—Documents properly admitted over objection of lack of authentication.**

The court properly overruled an objection to admission of a paper appearing to be a notice of assessment and receipt issued by the state comptroller of New York for a corporate state franchise tax, and also a certificate by the deputy secretary of such state, certifying that the certificate of the incorporation of the plaintiff was filed and recorded, which was formally attested by the secretary of state and the seal of the state affixed, where objection was put solely on the ground that such papers were "not authenticated in the manner provided by the statutes of the United States," without pointing out specific lack of authenticity.

3. **Evidence ⬅366(1)—Rules of convenience applied, where documents bear appearance of regularity.**

In the admission of record evidence, rules of convenience may often be applied by courts, in cases where documents bear every appearance of regularity and the seal of officials of a state are offered in evidence.

4. **Corporations ⬅630(3½)—In view of statute making directors trustees, they may be made plaintiffs in action by corporation whose life has expired.**

Sole directors of a New York corporation may, on petition be made parties plaintiff in an action by the corporation, where they wish to be added to protect the property and rights of the corporation, notwithstanding the life of the corporation has expired, in view of General Corporation Law N. Y. § 35, making directors trustees, with authority to sue and recover debts and property of corporation, after the life of the corporation has expired.

5. **Courts ⬅343—Adding new plaintiffs on trial discretionary.**

It is discretionary with the federal District Court to add new parties plaintiff after the evidence has closed, under Rev. St. § 948 (Comp. St. § 1580).

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Parties ☞52—No abuse of discretion in adding plaintiffs after evidence was closed.**

Defendant, in replevin by corporation, cannot complain that court abused its discretion in permitting directors of the corporation to be added as parties plaintiff after the evidence was closed, where she expressly announced on the trial that she made no claim of ownership of the property, and took a position in merely technical opposition to the claim of the corporation to possession; the real parties entitled to possession being the directors as trustees.

**7. Replevin ☞96—Finding of value unnecessary, in absence of issue.**

Omission to find value in verdict in a replevin action was immaterial, where the pleadings made no issue in the matter.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by the North American Indian, Inc., and others, against Clara J. Curtis and another. Judgment for plaintiffs, and the named defendant brings error. Affirmed.

John G. Barnes, of Seattle, Wash., for plaintiff in error.

Elias A. Wright, Sam A. Wright, C. K. Poe, and A. J. Falknor, all of Seattle, Wash., for defendants in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. This action is in the nature of replevin by the North American Indian, a New York corporation, against Curtis Studio and E. S. and Clara Curtis, formerly husband and wife, but divorced before the action was instituted. Prior to the divorce, Curtis and wife did business as Curtis Studio in Seattle. Clara Curtis denied that plaintiff was a New York corporation, and that she held unlawful possession, or refused to deliver to plaintiff; Edward S. Curtis denied unlawful possession, admitted ownership by the Indian Company, and denied all damage. After hearing evidence on both sides, plaintiff corporation, over objection by Clara Curtis, was allowed to add two persons, Pegram and Borglund, as plaintiffs, upon petition setting forth that they were citizens and residents of New York and Connecticut, respectively, and were the then sole directors and trustees of the corporation. Verdict in favor of plaintiffs for the return of the property seized was directed, and Clara Curtis brought writ of error.

It is contended that the court erred in denying motion to quash the writ of replevin and to annul the action by the marshal for lack of jurisdiction. The statutes of Washington (sections 707–717, Remington Code) provide that, in action to recover possession of personal property, when immediate delivery is claimed, claimant in an affidavit shall show, among other matters: (1) Ownership or lawful right of possession under facts to be stated; and (2) wrongful detention. Upon receipt of the affidavit and bond in usual form, approved by the sheriff, the sheriff shall take the property described, if it be in possession of defendant or his agent, and retain custody, and without delay serve defendant with copy of the affidavit and bond. Within three days

(section 710) exception to sureties may be made. Defendant at any time before delivery of the property to plaintiff (section 711) may require return thereof, upon giving bond in double the value of the property as stated in the affidavit for delivery to plaintiff. The sheriff must file the affidavit with the proceedings thereon with the clerk of the court within 20 days after taking the property.

[1] The record shows that formal affidavit of replevin and a bond for delivery of the property were executed and filed, not with the marshal, but with the clerk of the United States District Court, and that the bond was approved by the United States District Judge, who ordered that a writ of replevin issue. In this way the process passed into the hands of the marshal, who served the writ, together with copy of the affidavit and bond, upon Mrs. Curtis. We cannot see that, because the court, following older practices, ordered the writ, there was lack of power in the marshal to proceed. Neither does approval of the bond by the judge render that obligation invalid, or prove lack of authority in the marshal to proceed to take charge of the property described in the affidavit. Had he failed to act, he would have been liable on his official bond, and certainly the sureties upon the bond would not be heard in a plea to be released because the judge, and not the marshal, approved of the security. Cobby on Replevin, § 679; 23 R. C. L. pp. 896, 897; Hartlep v. Cole, 120 Ind. 247, 22 N. E. 130. The irregularity was in no manner prejudicial to Mrs. Curtis, who could have availed herself of her right to object to the sureties on the bond, or to take steps to give a counter bond.

Assignment of error is based upon the action of the court admitting a paper appearing to be a notice of assessment and receipt, dated Albany, N. Y., November 18, 1919, issued by the state comptroller of New York to the North American Indian Company, for a state franchise tax imposed on a business corporation for the period ending October 31, 1920. The receipt is dated January 2, 1920. There is also a certificate by the deputy secretary of state of New York, dated October 4, 1920, certifying that the certificate of the incorporation of the North American Indian was filed and recorded on December 18, 1909. The secretary of state of New York formally attested the certificate of the deputy and affixed the seal of the state.

[2, 3] The objection to the papers as evidence was put solely upon the ground that the papers were inadmissible, because "not authenticated in the manner provided by the statutes of the United States." On their faces both papers appear to be regular official documents issued by competent state authorities, and as no specific lack of authenticity was pointed out, the court committed no error in admitting them. In the admission of record evidence, rules of convenience may often be applied by courts in cases where documents which bear every appearance of regularity and the seal of officials of the state are offered in evidence.

[4, 5] Stress is laid upon an assignment based upon the order of the court that Pegram and Borglund should be made additional plaintiffs. Those two persons petitioned the court to be made parties, on the ground that they were the sole and only directors and trustees of the

North American Indian Corporation, plaintiff, and wished to be added to protect the property and rights of the plaintiff corporation. Plaintiff in error argues that, as the life of the corporation was ten years, there was a failure to prove corporate existence at the time of the taking of the property by the marshal. It may be that the acceptance by the lawful authorities of the state of New York of the license tax paid by the corporation is sufficient evidence, in a suit by the corporation against one who has wrongfully taken its property, to establish prima facie the existence of a de facto corporation (B. & P. R. v. Fifth Baptist Church, 137 U. S. 568, 11 Sup. Ct. 185, 34 L. Ed. 784); but, accepting it that plaintiffs in error can avail themselves of the point that the records on their face disclosed that the corporation ceased to exist December 18, 1919, or 10 years after December 18, 1909, which was the date the articles of incorporation were filed with the secretary of state in New York, and that the statutes of New York which authorized an extension of corporate life were not complied with, the result cannot help the situation, for if the corporation were lifeless, then under section 35, General Corporation.Law of New York (Consol. Laws, c. 23), the directors became trustees of the creditors, stockholders or members, "with full power to settle its affairs, collect and pay outstanding debts, and divide among the persons entitled thereto the money and other property remaining after payment of debts and necessary expenses," and with "authority to sue for and recover the debts and property of the corporation, by their name as such trustees," etc. It would therefore follow that the trustees had power to sue as plaintiffs, and that the court committed no error in putting them in such an attitude, unless there was an abuse of discretion in making the order after the evidence was closed. As to that we hold there was no error, and that the ruling was made in the exercise of the discretion of the court. Section 948, R. S. U. S. (Comp. St. 1580); Thompson on Corporations, § 3157; McDonald v. State of Nebraska, 101 Fed. 171, 41 C. C. A. 278; Clemmens v. W. P. S. Co. (C. C.) 171 Fed. 168; Davis v. Seattle, 37 Wash. 223, 79 Pac. 784.

[6] The fact that original demand for the property was made in behalf of the corporation in no way injured Mrs. Curtis, who expressly announced on the trial that she made no claim of ownership of the property, and who took a position in merely technical opposition to the claim of the corporation to possession. By allowing the trustees to be brought in, the need of bringing a new action was obviated, and the addition of the two proper plaintiffs had relation to the commencement of the action, with the legal effect the same as if the action had been instituted in the name of proper plaintiffs. In McDonald v. Nebraska, supra, Judge Caldwell, for the Court of Appeals, discussed at length the power of amendment and substitution, and clearly pointed out the wisdom of allowing amendment, where no substantial rights of the adverse party are affected.

[7] Omission to find value in the verdict was immaterial, for the reason that the pleadings made no issue in the matter.

Other errors assigned have been considered, but we find them without merit.

Judgment affirmed.