SPRIGGS ET AL. v. STATE, EX REL. BOARD OF COM-
MISSIONERS OF JASPER COUNTY.

[No. 19,590.   Filed March 13, 1903.   Rehearing denied June 26, 1903.]

DRAINS.—*Costs.*—*Bonds.*—*Recovery of Costs by County.*—A county in an
action to recover on a bond for costs advanced by it in the work
of establishing a drain prior to the entering of an order of dis-
missal is not limited to an amount fixed on the basis of $50 for
each mile of the proposed ditch on the theory that the statute,
§5691 Burns 1901, only requires a bond in an amount not less than
$50 per mile as a prerequisite to the consideration of the petition,
where the bond was given for a greater amount.   *p. 226.*

SAME.—*Appeal.*—*Dismissal.*—An objection to the dismissal of a drain
proceeding by the board of commissioners on the ground that
application for leave to appeal had been made is not well taken
where the amount of the bonds of those appealing had not yet
been fixed.   *p. 226.*

SAME.—*Costs.*—The principals in a bond given to secure the costs in
a drain proceeding can not, in an action by the county on the
bond, raise the question as to whether the items allowed were
properly taxed as costs, where the costs were approved by the
board of commissioners and taxed by its order while the petition-
ers were still in court and no motion was filed to strike out the
particular items of costs.   *pp. 226, 227.*

SAME.—*Costs.*—*Counties.*—The drainage statute does not contemplate
the collection of the costs collected by the county by means of a
fee bill.   If the ditch is constructed the county is to be reim-
bursed from the proceeds of the sale of bonds, and if the petition
is not granted or the proceeding is dismissed there is a liability
upon the bond for the costs.   *p. 227.*

APPEAL AND ERROR.—*Joint Exception.*—Where a joint exception is
reserved to the rulings of the court in sustaining a demurrer to a
number of paragraphs of answer, and some of the paragraphs
are bad, the Supreme Court is not called upon to consider the
remaining paragraphs.   *p. 227.*

From Jasper Circuit Court; *T. F. Palmer*, Judge.

Action by the State on relation of the board of com-
missioners of Jasper county against Joel F. Spriggs and
others.   From a judgment for plaintiffs, defendants ap-
peal.   Transferred from Appellate Court, under §1337u
Burns 1901.   *Affirmed.*

Spriggs *v.* State, *ex rel.*

*Frank Foltz, C. G. Spitler, H. R. Kurrie, B. F. Ferguson, J. E. Wilson, M. F. Chilcote, W. H. Parkison, C. E. Miller, W. B. Austin* and *S. P. Thompson,* for appellants.
*C. W. Hanley, J. J. Hunt, E. B. Sellers* and *W. E. Uhl,* for appellee.

GILLETT, J.—Action by appellee's relator, on a bond given under §2, Acts 1891, p. 455, §5691 Burns 1901, to recover for costs advanced by it in the work of establishing a drain prior to the entering of an order of dismissal.

The power of the board of commissioners to dismiss the proceedings in question was affirmed in *Thompson* v. *Board, etc.,* 148 Ind. 136. The authority of the board in that event to tax the costs against the petitioners was also affirmed in the case cited. We adhere to these rulings, and they dispose of most of the questions in this case.

The bond sued on was in the sum of $20,000. It is claimed by appellants that there could be no recovery upon the bond in excess of an amount fixed on the basis of $50 for each mile of the proposed ditch, or, in other words, that there could be no recovery upon the bond in excess of the sum of $975. A bond given voluntarily, where not contrary to law, is valid, if it is based upon a sufficient consideration. 4 Am. & Eng. Ency. Law (2d ed.), 671, and cases there cited. The law required a bond in an amount not less than $50 per mile as a prerequisite to the consideration of the petition, and the bond in its entire amount rests upon that consideration.

It is objected that an appeal had been taken by certain exceptors before the cause was dismissed. Application for leave to appeal had been theretofore made by such exceptors, but, even if their application was not premature, yet the amounts of their respective bonds had not been fixed, and the board still retained jurisdiction over the cause.

The costs that were taxed in the cause were approved by the board, and were taxed, by its order, while the peti-

tioners were still in court, and the entries upon that subject were made some time prior to the order of dismissal. The cause was finally dismissed by the board at the costs of the petitioners. It does not appear that a motion was filed to strike out the particular items of cost now objected to, and it is shown that the county has paid all of said items. Under these circumstances, and in this collateral proceeding, we think that the principals upon the bond in suit can not raise the question as to whether the items allowed were properly taxed as costs. *Palmer* v. *Glover,* 73 Ind. 529; *Wells* v. *Goodbread,* 1 Ired. Eq. (N. C.) 9; *Miller* v. *Adams,* 5 Ill. 195; *City of Warrensburg* v. *Simpson,* 22 Mo. App. 695; *Reeves* v. *Scully,* 1 Walk. Ch. (Mich.) 340; *McGuffie* v. *Dervine,* 1 G. Greene (Iowa) 251; *Meeker* v. *Harris,* 23 Cal. 285; *Smith* v. *Foxworthy,* 39 Neb. 214, 57 N. W. 994. As to the sureties, they doubtless had a standing to intervene in the original action and make a motion to strike out items improperly taxed as costs, in case their principals refused to make the motion, but we think that they are concluded for the purposes of this action.

The statute does not contemplate the collection of the costs advanced by the county by means of a fee bill. The county must advance the costs. If the ditch is constructed the county is to be reimbursed from the proceeds of the sale of bonds. If the petition is not granted, or the cause is dismissed, as in this case, there is a liability upon the bond for the costs.

The complaint is sufficient. As there was a joint exception reserved to the rulings of the court in sustaining a demurrer to a number of paragraphs of answer, and as some of said paragraphs were clearly insufficient, we are not called upon to consider the remaining paragraphs. *Noonan* v. *Bell,* 159 Ind. 329.

Judgment affirmed.

Baltimore, etc., R. Co. *v.* Town of Whiting.

## ON PETITION FOR REHEARING.

DOWLING, J.—A careful reëxamination of the record in this case, and of the briefs and authorities, satisfies us that the views heretofore announced by us are correct. The petition for a rehearing is overruled.