FORT BRANCH COAL MINING COMPANY *v.* FARLEY.

[No. 10,903. Filed March 9, 1921. Rehearing denied June 3, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Total Disability.—Termination.—Agreement of Parties.—Conclusiveness.*—Where an injured employe has been awarded compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918,) for total disability during the maximum compensation period fixed by the act, unless disability ceases within such period, an agreement entered into by the employer and the injured employe that total disability has terminated does not establish that fact irrevocably, and, in event of total disability recurring subsequent thereto as a result of the original injury, the agreement does not terminate compensation during the period stated in the award. p. 40.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Termination of Total Disability.—Determination by Industrial Board.—Conclusiveness.*—Where an injured employe has been awarded compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918,) for total disability during the maximum compensation period fixed by. the act, unless disability ceases within such period, the Industrial Board's determination, on the employer's petition, that total disability has ceased would not prevent the recovery of further compensation within the maximum stated in the award upon the recurrence of total disability. p. 41.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Total Disability.— Termination.—Recurrence.—Application for Reinstatement.—Time for Filing.*—Under §45 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended by the act of 1919 (Acts 1919 p. 158), an injured employe who has been awarded compensation for the maximum period fixed by the act, unless the employe should recover within such period, is not required, on recurrence of total disability after apparent cessation thereof, to apply for reinstatement within one year after the total disability has *prima facie* ceased. p. 42.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Total Disability.—Receipt Showing Termination.—Effect.*—Where an injured employe has been awarded compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) for total disability during the maximum compensation period fixed by the act, unless disability should cease during such period, the employe's receipt reciting that his disability had ceased *held* not to terminate the compensation period within the meaning of §45 of the Act, as amended by the act of 1919 (Acts 1919 p. 158), providing that no application for any modification of any award shall be filed after the expiration of one year from the termination of the compensation period fixed in the original award. p. 43.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by William B. Farley against the Fort Branch Coal Mining Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Charles E. Henderson* and *James L. Murray,* for appellant.

*Claude A. Smith* and *P. Morton McDonald,* for appellee.

On December 11, 1919, the appellee filed what purports to be an original application for compensation. The appellant filed a pleading which is denominated "special answer." This document is somewhat in the nature of a demurrer, in which it is alleged that the application shows on its face that it was not filed until more than two years after the date of the injury and that the right to compensation is therefore barred. Thereupon the appellant moved to dismiss the proceeding. The motion was overruled and the appellee was granted leave to amend his application so as to ask a review on account of a change in condition, which was done. The usual hearing and review resulted in the following finding of facts:

"That on the 4th day of September, 1917, plaintiff was in the employment of the defendant at an aver-

age weekly wage of $18.90; that on said date the plaintiff received a personal injury by an accident arising out of and in the course of his employment, of which the defendant had actual knowledge at the time; that said injury resulted in the plaintiff's temporary total disability to work beginning on the date of his injury and continuing until and including October 15, 1917; that on the 19th day of September, 1917, plaintiff and defendant entered into a compensation agreement whereby the defendant agreed to pay to the plaintiff compensation at the rate of $10.40 per week during his total disability to work, as a result of his injury, not exceeding five hundred weeks, said compensation to begin on the 11th day of September, 1917; that said agreement was approved by the Industrial Board on the 28th day of September, 1917; that under said agreement the defendant paid to the plaintiff compensation until and including October 15, 1917, on which date the plaintiff signed a final receipt reciting that his disability ceased on October 15, 1917, and that he had a total disability of forty-one days resulting from the injury; that on said date plaintiff's temporary total disability to work had ceased temporarily; that as a result of his injury the plaintiff has been wholly disabled for work intermittently since the 15th day of October, 1917; that for short periods of time he has been able to work and earn wages and during the other periods of time he has been wholly disabled and has been unable to earn any wages; that as a result of his injury the plaintiff was totally disabled for work and did not work and did not earn any wages for sixty-four weeks between the 15th day of October, 1917, and the date of the original hearing, which was heard on March 10, 1920; that at said time the plaintiff was wholly disabled for work."

On the foregoing facts the board made the following award:

"It is therefore considered and ordered by the full Industrial Board that the defendant be and is hereby ordered to pay to the plaintiff sixty-four weeks compensation at the rate of $10.40 per week, for the plaintiff's total disability between October 15, 1917, and March 10, 1920, as provided for in the agreement of September 19, 1917, and to pay to the plaintiff compensation at said weekly rate for the disability subsequent to March 10, 1920, resulting from the injury, as provided in the agreement of September 19, 1917." ·

The appellant presents the following specific contentions:

(1) That the finding shows that the workman was injured September 4, 1917; that on October 15, 1917, he signed a receipt for the compensation for total disability; that he did not file with the board any claim for further compensation until December 11, 1919, being more than two years after the injury and more than two years after the execution of the receipt; and that therefore the board was without jurisdiction.

(2) That there is absolutely no evidence to sustain the finding that at the time of the first hearing, viz.: March 10, 1920, the appellee was wholly disabled for work.

Dausman, P. J.—The decisive question is, When, if at any time, did the compensation period stated in the original award terminate? The maximum compensation period for total disability is fixed definitely by the law; but the actual compensation period for total disability may terminate at any time before the maximum limit has been reached—depending upon the condition of the injured workman. His complete or partial recovery, or his death, within the maximum period would bring to an end the actual compensation period for total disability. Under the facts of this case the actual compensation period could not be definitely stated in the award. It was impossible for anyone to know in advance when the period of total

disability would come to an end; and therefore the most that could be written into the award was that compensation should be paid "during total disability, not exceeding 500 weeks" (the maximum period fixed by statute, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918). In this respect, precision was not attainable. The beginning of the compensation period was, of course, definitely fixed in the award, but the end can come only when total disability shall have actually ceased or when the maximum time shall have expired. The question is one of fact. Now, by whom and by what method is the fact to be determined?

We conceive that the fact might be evidenced by the agreement of the parties. But suppose that an employer, by fraud or duress, induced or compelled the employe to sign a final receipt or a statement to the effect that his total disability had ceased. In that event, Would anyone contend that thereby the fact had been established? Suppose the parties, fairly and honestly, should enter into an agreement to the effect that the workman's total disability had ceased, Would that establish the fact irrevocably? They may have been mistaken. On returning to his labor the workman may discover his error; an actual trial may prove that he is wholly unable to work in any capacity; and in that case it would not do to say that the agreement, which rests on a mutual mistake of fact, marks the termination of the compensation period stated in the award.

It would seem that the employer, being of the opinion that the workman's total disability had ended and that he ought to be relieved from further payments,

2. might petition the board to determine the fact and make it a matter of record. But even the determination by the board might not be permanent. The cessation of the workman's total disability might have been only apparent or temporary. If his total dis-

ability should recur it would become the duty of the board to order further payments of compensation at the rate fixed for total disability. By the inherent nature of the plan on which the compensation act rests, it must be so; and one of the objects of the board's continuing jurisdiction is to accomplish that very purpose. In cases like the one at bar the compensation period stated in the original award can terminate in one of two ways only: (1) By the lapse of the maximum time fixed by statute; or (2) by the actual (not apparent) permanent (not temporary) cessation of the total disability.

It may be argued with much plausibility that where a *prima facie* showing has been made, by the filing of a receipt or otherwise, that total disability has ceased, there is then such a termination of the compensation period as will set the statute of limitation running; and that if the workman believes himself entitled to further compensation he must apply for reinstatement within a year thereafter. The conclusive answer to that argument is that the statute does not so provide. §45 Workmen's Compensation Act, Acts 1919 p. 158.

There is no finding that the compensation period has terminated. On the contrary the facts found are to the effect that at the time the receipt was signed the workman's total disability had ceased temporarily only; that his total disability was of an intermittent type; and that at the time of the hearing herein he was totally disabled. On these facts the board was right in holding that the "compensation period" had not terminated. It will be observed that the relief granted is not an original award nor an award based on changed conditions, but is merely an order that payments under the first award be resumed and made to cover those periods during which total disability actually existed. In this feature the board has acted consistently.

The second contention may be answered by saying that there is an abundance of evidence to sustain the finding.

. The award is affirmed.

### On Petition for Rehearing.

Dausman, J.—Counsel for the appellant assert that the decision herein conflicts with our answer to the certified question in the *Hogan Matter* (1921), 75 Ind. App. 53, 129 N. E. 633. It should be observed that in the latter case it was conceded by all concerned that the employe's total disability had actually and permanently ceased. No contention to the contrary was made by any one. The two cases therefore are in perfect accord.

Whether the board should ever attempt to apply the limitation to cases of this kind is a question by no means free from doubt. The legislative language is "one year from the termination of the compensation period fixed in the award." The limitation is readily and easily applied in cases within subdivision "a" of §31 of the compensation act (Acts 1915 p. 392, *supra*) ; for in such cases, by virtue of the statute, the compensation period in each instance must be definitely and absolutely fixed. In the case at bar the actual compensation period is indefinite and uncertain, and therefore not "fixed"— within the ordinary meaning of that word. If the limitation is to be applied at all in cases within subdivision "j" of said section, it can be done only in the manner indicated in the original opinion. To apply it in the manner urged by the appellant would inevitably lead to gross injustice and would defeat the essential purposes of the compensation plan.

The facts in this case furnish a concrete illustration of the danger that lurks in the plan for which appellant contends. The undisputed evidence shows that the

employe suffers from a severe injury to his spine—an injury which is likely to result in death. At intervals he has been able to do some work; but muscular exertion inevitably causes the vertebra to slip, thereby rendering him again helpless. Before signing the so-called final receipt he asked the doctor about returning to work. The doctor said "You might try it." He said to the employer's bookkeeper, "If I sign this receipt, suppose the trouble should come back?" The bookkeeper answered, "The injury will show for itself." He then signed the receipt and returned to his work in the mine. In less than two weeks he was girt with bandages prepared for him by his wife, and because of his broken back he was working on his knees. (This in a humane age!) The only rational inference is that he was importuned to sign the receipt by the insurance carrier. No court would be justified in holding that the signing of a receipt under such circumstances amounts to a "termination of the compensation period," even though the receipt contains a recital to the effect that total disability had ceased.

Rehearing denied.