HELLER *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK.

[No. 11,799.   Filed June 26, 1924.   Rehearing denied October 7, 1924. Transfer denied October 24, 1928.]

*G. A. Farabaugh* and *Walter R. Arnold,* for appellant.
*Samuel Parker, Will G. Crabill, S. J. Crumpacker,
Arthur L. May* and *Woodson S. Carlisle,* for appellee.

NICHOLS, J.—Action by appellant against appellee upon an appeal bond.

Appellant secured judgment against the Independent Five and Ten Cent Stores in the La Porte Circuit Court on July 11, 1916. From this judgment, the independent stores appealed and the judgment was affirmed. (See *Independent, etc., Stores* v. *Heller* [1920], 189 Ind. 554). While this appeal was pending, the independent stores sold out to the George Kraft Company. Thereafter, and before the decision above mentioned, appellant brought an action in the St. Joseph Superior Court under the Sales in Bulk Act, §7471a Burns 1914 *et seq.,* to have the George Kraft Company declared to be or appointed as receiver of the goods purchased of the independent stores. In such receivership case, the trial court made an interlocutory order appointing the Kraft company as receiver. Thereupon, such company prayed an appeal and filed an appeal bond with appellee as surety. This appeal bond is the basis of this action.

There were two paragraphs of complaint, to each of which appellee's demurrer was sustained. Appellant refused to plead further and judgment was rendered against him on the demurrer. The action of the court in sustaining the respective demurrers is the error assigned in this court.

It is averred in the first paragraph of complaint that on July 10, 1917, being the May term of the St. Joseph Superior Court, in a case wherein appellant was plaintiff and George Kraft Company and Independent Five and

Ten Cent Stores were defendants, a judgment and order were rendered in favor of appellant against said companies, hereinafter denominated "obligors," (under the provisions of the Sales in Bulk Act, *supra*), that the said Kraft company be appointed receiver in said cause and ordered to account to appellant for goods, wares and merchandise that had come into its possession by virtue of the sale and transfer made to it of the goods, wares and merchandise of the Independent stores, and that such Kraft company, as such receiver, should execute a bond in the penal sum of $10,000 within five days, with surety, and should inventory said property that had come into its possession. That said obligors prayed an appeal from said judgment to the Supreme Court, which was granted, on condition that they file an appeal bond in the sum of $10,000, with approved surety, within thirty days from the date of such order. That such bond was filed with appellee as surety thereon and was approved July 14, 1917, being the May term of said court. That said bond stayed the effect of the order aforesaid, and, on September 12, 1917, the obligors filed their transcript of the record with the clerk of the Supreme Court. That no motion or prayer was at any time made in the Supreme Court to dismiss the appeal for failure to file transcript at any earlier date, and all parties thereto and the courts having jurisdiction thereof were led to believe and did believe, from the conduct of the parties to said appeal, that said appeal had been perfected in time, that said appeal bond stayed all proceedings, and no further proceedings of any nature were taken by either of the parties or the trial court or the Supreme Court, (except as hereinafter stated) to put into effect said order appealed from before the determination of said appeal in the Supreme Court. Such court took cognizance of said appeal as a term-time appeal, without the service of notice, and no entries or other

steps were taken to perfect an appeal other than that prayed for and granted upon the filing of the appeal bond aforesaid. That said appeal was finally determined as a term-time appeal, and was perfected by filing and the approval of said appeal bond and the filing of the transcript as aforesaid, and was finally determined by the Supreme Court as a term appeal from an interlocutory order on December 12, 1919, at which time the judgment and order appealed from was affirmed, and the cause remanded to the trial court for further proceedings. (*George Kraft Co.* v. *Heller* [1919], 188 Ind. 612, 125 N. E. 209). Such appeal bond provided that the obligors would abide by and pay the judgment and costs which might be rendered or returned against them, but such obligors have refused to abide said judgment and order, and have failed and neglected to carry out and execute the terms of such order as affirmed by the Supreme Court, in that they and each of them have failed, neglected and refused to account to plaintiff for goods, wares and merchandise and fixtures which came into the possession of said Kraft company, have failed and refused to file a bond as receiver within five days after the entry of said order or at any time thereafter in the sum of $10,000, and have failed and refused to report to the court its proceedings in the premises as provided by said order appealed from and affirmed by the Supreme Court. That on November 8, 1922, because of the matters and things aforesaid, there was entered in said receivership case by the trial court a judgment against the Kraft company in the sum of $10,571.10, which amount has not been paid, and such judgment is in full force and unappealed from. Said obligors are each non-residents of the state, each insolvent and defunct, and neither has any property within the jurisdiction of the court, or within the state, out of which any part of the judgment aforesaid can be satisfied, and no part of the property

which was in the hands of the Kraft company and of the Independent stores, or either of them, at the time of the entry of the order and judgment is now, or has been, for more than three years last past, in the hands of either, and no part is available to appellant to satisfy his said judgment, but such property was disposed of in contravention of said order of the court, and without knowledge or consent of the court or appellant, after the filing of said appeal bond and before the affirmance of the judgment aforesaid. There was a demand for judgment on the appeal bond in the sum of $11,000.

The second paragraph of complaint avers substantially the same historical facts as the first, except that it avers that the obligors did not, after the expiration of ten days after the entry of the order appealed from, carry out the same as they would have been required to do and as they would have done within five days, had said appeal bond not been filed, and that the obligors did not prosecute and refused to prosecute the appeal, but failed to file the transcript in the Supreme Court within ten days after such order was entered. However, it is also averred in such second paragraph that "subsequently and on the 12th day of December, 1919, the Supreme Court of Indiana affirmed the said judgment and order of this court and remitted the same to this court for further proceedings." It, therefore, appears by the averments that an effective appeal was prosecuted, that the Supreme Court assumed jurisdiction and decided the case. The second paragraph of complaint, being on the theory of failure to prosecute, does not state a cause of action.

Appellee contends that the appeal in which the bond was executed, that is, the basis of this action, was attempted from an order appointing a receiver, and that there can be no such appeal except under the provisions

of §1289 Burns 1914; that, to perfect such an appeal, the transcript must be filed in the office of the clerk of the Supreme Court within ten days after the entry of the order appointing the receiver, and that, since the appeal in which the bond in question was given was not perfected by filing the transcript within ten days after the order appointing the receiver, there is no liability for the breach of the covenant of the bond that the surety would abide by and pay the judgment that might be rendered or affirmed.

Appellant contends that as the George Kraft Company failed to conform to the provisions of the Sales in Bulk Act, §7471a Burns 1914, such company, by reason of such failure, became liable under the provisions of §7471c, which provides that: "Any purchaser, transferee or assignee, who shall not conform to the provisions of this act, shall upon application of any of the creditors of the seller, transferor or assignor become a receiver to be held accountable to such creditors for all the goods, wares and merchandise and fixtures that have come into his possession by virtue of such sale, transfer or assignment." It is appellant's contention that such purchaser, having failed to perform the provisions of the statute, by virtue thereof *becomes a receiver*, or, as appellant says, a trustee, and that he is such by virtue of the statute rather than by appointment as provided in §1289, *supra*. It is significant that the court found as a basis for the judgment and order referred to in the complaint that "the defendant, George Kraft Company, *becomes* a receiver and is accountable to plaintiff, Adolph H. Heller, for all the goods, wares, merchandise and fixtures that have come into the possession of said George Kraft Company by virtue of a sale and transfer from the Independent Five & Ten Cent Store on the —— day of November 1916. . . ." (Our italics.) This is in harmony with appellant's contention.

Appellant argues that the order of the court naming the Kraft company as receiver must be construed in the light of the statute as simply declaring such company was a receiver because of the terms of the statute. It will be observed that the order also provided that the Kraft company should account to appellant for the goods, wares and merchandise which had come into its possession by virtue of the sale and transfer to it, and further that such company should execute and file a bond in the penal sum of $10,000 within five days, with surety to be approved by the clerk, and that such company should inventory the property so coming into its possession. To this judgment as an entirety, the Kraft company and the Independent stores excepted and prayed an appeal therefrom to the Supreme Court, which was granted, upon filing an appeal bond in the sum of $10,000 within thirty days, with surety to be approved by the court, which bond was so filed and approved and is the one here in suit. It is apparent that the appeal was not from an order appointing a receiver under the provisions of §1289 Burns 1914, but rather from a judgment declaring the Kraft company a receiver under the provisions of the Sales in Bulk Act, and from the further order of the court requiring the receiver to account and to inventory, and to file a bond in the sum of $10,000. But this court is not now concerned as to the particular statute that authorized the said appeal to the Supreme Court. It is sufficient for us to note that the Supreme Court assumed jurisdiction, and that the bond here in controversy had the effect to stay all proceedings for the enforcement of the judgment during the pendency of the appeal.

Appellee says that the failure of the Kraft company to file its transcript in the office of the clerk of the Supreme Court within ten days after the receiver was appointed was a failure to invoke

the jurisdiction of the Supreme Court in the only manner in which the jurisdiction could be conferred. But we are confronted with the fact that the Supreme Court assumed jurisdiction over the appeal, and its determination of that question by its act in assuming jurisdiction was a judicial act within its power and not to be questioned by this or any other court. It is not for this court to say that its decision is not correct. It is conclusive on all the parties to the appeal and their privies, and cannot be subsequently assailed in a collateral proceeding. *Stone* v. *Elliott* (1914), 182 Ind. 454, 106 N. E. 710. The Supreme Court is the highest judicial tribunal having appellate jurisdiction within the state and is fully invested under the organic law with the right and power to determine its own jurisdiction. *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 172 Ind. 562.

It clearly appears from the averments of the complaint that the parties to the appeal, the trial court and the Supreme Court treated such appeal as regular and such appeal bond as effective. No question was raised, either as to the appeal or the bond, until the final determination of the cause in the Supreme Court. Such court took cognizance of the appeal as a term-time appeal with a valid and effective bond and without appellant having caused any notice to be issued. Jurisdiction having been assumed, appellee's principals having filed their brief and prosecuted the action to final judgment in the Supreme Court, they were not thereafter in a position to assert that there was no appeal, or that their appeal bond was not effective. In *Small* v. *Kennedy, Admx.* (1895), 12 Ind. App. 155, the court said that: "While it is undoubtedly true that the successful party to a law suit may demand that the statute regulating the approval of the appeal bond be followed, yet it is equally true that he may waive this right, and when he has, as in this case, expressly waived it, and the opposite

party has acted upon this waiver, filed his bond and received the full benefit of it, the plainest principles of justice and fair dealing would be violated by permitting the appellant to then say that his bond had not been approved according to law, and should not, therefore, be enforced. In this case the bond served every purpose for which it was intended. The appellant obtained by virtue of it every benefit possible to be received by pursuing the statutory course to the letter, and the appellees are now estopped to deny its validity." To the same effect, see *Pierce* v. *Banta* (1894), 9 Ind. App. 376. So, in this case, we hold that the appellee's principals, having filed their appeal bond and received the full benefit of their appeal by being permitted to prosecute their action to final determination, and the bond having served every purpose for which it was intended, said principals were thereafter precluded from denying its force and validity. And the surety on the appeal bond is also precluded from making such a defense. *Pierce* v. *Banta, supra; Spriggs* v. *State, ex rel.* (1903), 161 Ind. 225.

It is averred in the first paragraph of complaint that the condition of the said appeal bond was that the obligors would abide by and pay the judgment and costs which might be rendered or affirmed against them, and that the said obligors have refused to so abide the said judgment and order, and have failed, neglected and refused to carry out and execute the terms of said order as by said court required and as by the said Supreme Court affirmed. Under such circumstances, appellant can hold appellee as surety on the appeal bond here involved to whatever extent he has suffered loss by reason of the failure of the obligors to abide the order of the court. *Indianapolis, Electric, etc., Co.* v. *Lux* (1921), 77 Ind. App. 286, 130 N. E. 153; *Hinkle* v. *Holmes* (1882), 85 Ind. 405; *Hays* v. *Wilstach* (1885), 101 Ind. 100.

The judgment is affirmed as to the action of the court in sustaining the demurrer to the second paragraph of complaint, and reversed as to the court's action in sustaining the demurrer to the first paragraph of the complaint, with instructions to the trial court to overrule such demurrer and for further proceedings in harmony with this opinion.