BERTRAM v. BICKNELL COAL AND MINING COMPANY.

[No. 12,231.   Filed June 5, 1925.]

MASTER AND SERVANT.—*Receipt stating that employee's disability had ceased does not preclude application for further payments, and Industrial Board would have jurisdiction.*—The fact that an injured employee has given his employer a receipt in which he stated that his disability had ceased at date of receipt does not preclude his filing an application for an order requiring further payments of compensation, and the Industrial Board would have jurisdiction thereof unless the compensation period under the Workmen's Compensation Act had terminated more than a year before the application was filed, as an employee's receipt reciting that disability had ceased is not conclusive.

From Industrial Board of Indiana.

Application under the Workmen's Compensation Act by Fred Bertram against the Bicknell Coal and Mining Company for an order requiring further payments of compensation. From an order dismissing the application, the applicant appeals. *Reversed.* By the court in banc.

*John A. Riddle,* for appellant.

*Will H. Hays, Hinckle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *G. W. Buff,* for appellee.

NICHOLS, J.—Appellant filed a petition with the Industrial Board asking that appellee be required to pay

compensation to appellant under a compensation agreement entered into by and between appellant and appellee. After hearing the evidence, the Industrial Board, by a majority of its members, found that November 26, 1920, appellant, while in the employment of appellee at an average weekly wage of $24, received a personal injury by an accident which arose out of and in the course of his employment, of which appellee had notice and furnished medical attention; that on December 14, 1920, appellant and appellee entered into a compensation agreement, under the terms of which appellee agreed to pay appellant compensation at the rate of $13.20 per week during temporary total disability not exceeding the period fixed by law, beginning on November 30, 1920; that said agreement was approved by the Industrial Board; that, under the terms of said agreement, compensation was paid up to and including February 7, 1921; that on February 8, 1921, appellant signed "Form 28" of the Industrial Board, which is a receipt of employee in final settlement of compensation, in which he stated that his disability ceased on February 8, 1921; that more than two years had elapsed from the date of filing of final receipt to the filing of appellant's petition herein. On this finding, the Industrial Board entered an order on December 31, 1924, that appellant's petition be "dismissed for want of jurisdiction."

It will be observed that the board found, not that appellant's disability had ceased, but that he had signed a receipt in which he had so stated. Such receipt was not conclusive evidence that the disability had ceased. There is no finding that the disability had ceased or that the compensation period had terminated on February 8, 1921, or on any other date. In the absence of a finding that such period had terminated more than one year before appellant's application was filed, the Indus-

trial Board had jurisdiction. The question involved has been definitely determined in *Fort Branch Coal Mining Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N. E. 132, 131 N. E. 228, and we need not further discuss it. See, also, *Eureka Block Coal Co.* v. *Wells* (1925), *ante* 181, 146 N. E. 869, in point as to the effect of a receipt.

The order is reversed, with instruction to reinstate appellant's application, and to make such further finding of facts as is warranted by the evidence, and to render an award accordingly.