## SYLER & SYLER *v.* LUSE.
[No. 15,722.  Filed December 15, 1936.]

*Henry L. Humrichouser* and *James L. Murray,* for appellant.

*McKesson & Kizer,* for appellee.

BRIDWELL, P. J.—On July 26, 1934, appellee, while in the employ of appellants, was injured by reason of an accident arising out of and in the course of his employment.  On September 13th, following, appellants and appellee entered into an agreement for the payment of compensation at the rate of $11.00 per week during total disability, beginning August 3, 1934, for a period not exceeding the period fixed by law, and not exceeding $5,000.  This agreement was filed with and approved by

the Industrial Board May 8, 1935, and compensation was paid in accordance with the agreement for a period of 249 days. A final receipt executed by appellee on April 15, 1935, acknowledging the payment of the total sum of $391.28 in final settlement of compensation due, and stating that appellee's disability ceased on said April 8th, was filed with the Industrial Board on May 8, 1935. Thereafter, on June 24, 1935, appellee filed his application with said board for a review of the award on account of a change of conditions, alleging that the disability on account of said injury has recurred since the date of said award, and that said injury has resulted in a permanent partial impairment. Such further steps were taken as resulted in a hearing by the full Industrial Board of an application for review of an award made by one member thereof. The finding and order of the board following this hearing, so far as it need be set forth here, is as follows:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on July 26, 1934, while in the employ of defendant at an average weekly wage of $20.00, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment of which the defendant had knowledge and furnished medical attention; that a compensation agreement was approved on May 8, 1935, providing for the payment of compensation at the rate of $11.00 a week during total disability, not exceeding the period fixed by law, beginning on August 3, 1934; that on April 15, 1935, plaintiff signed a receipt in final settlement of compensation, showing the payment of $391.28, the receipt further reciting that disability ended on April 8, 1935, and that there had been a total disability of two hundred fifty-six days; that on June 24, 1935, plaintiff filed his application for the review of an award on account of a change in conditions, alleging that the disability of said employe on account of said injury has recurred since the date of said award; that said injury has resulted

in a permanent partial impairment; that plaintiff was paid compensation to April 23, 1935.

"And the Full Industrial Board now finds by a majority of its members, for the plaintiff on his application, that there has been a change of conditions in this: that plaintiff's disability did recur as of April 24, 1935, and that plaintiff has been totally disabled since the date thereof.

#### ORDER

"It is therefore considered and ordered by the Full Industrial Board of Indiana, by a majority of its members, that plaintiff's application for the review of an award on account of a change in conditions filed June 24, 1935, should be and the same is hereby sustained and that defendant shall resume the payment of compensation under the agreement approved May 8, 1935, as of April 24, 1935."

From this award appellant appeals, assigning as error that the award is contrary to law.

It is the contention of appellant that the evidence in this case does not sustain the finding of the board, and that it is of such conclusive character as to force a contrary conclusion to that reached by the board. Whether or not this is true is the question presented for decision.

That appellee received a compensable injury is not disputed, nor is the fact that he executed a final receipt wherein he stated that his disability ceased on the 8th day of April, 1935. The execution of this receipt, however, did not preclude appellee from seeking, and if the facts warrant it, from procuring further compensation for total disability. Section 45 of our compensation law (Acts 1929, p. 537) gives to the Industrial Board continuing jurisdiction over each case before it, and such board may, on account of a change of conditions, make such modification or change in the award ending, lessening, continuing, or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maxi-

mum and minimum provided for in said compensation act. For cases bearing upon this question, see: *Ft. Branch Mining Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N. E. 132; *Ralph Sollitt & Sons* v. *Bickel* (1932), 93 Ind. App. 665, 179 N. E. 327.

Upon reading the record we find that there is evidence to prove that after the injury, and about the first of April, thereafter, the Industrial Board, appellee's physician, and his employers, requested that he "go back to work"; that his physician told him to "take it easy"; that he did resume work for appellants and was assigned to the same general kind of work he was engaged in doing when he sustained his injury; that he could not do more than half as much work as he had previously done, and after working about two weeks was discharged because he could not do the work; that following this he tried to work for others, his first job being delivering bread by truck, at which he worked one-half day; he then tried hauling coal and worked only one day at this; he also tried hauling logs by truck, the logs being loaded by another, and made but two trips in this employment; he gave up all three jobs because he "could not stand the work." There is other evidence relating to the effect on appellee of physical activity on his part, and after considering all the evidence we are not impelled to agree with the contention of appellants as to its conclusive character to prove that there had been no recurrence of total disability or change of condition since the first award. To the contrary, we are of the opinion that the evidence is sufficient to justify the Industrial Board in reaching the conclusion it did reach. It is established without dispute that there was a temporary cessation of total disability, as appellee did resume work, but there is also other evidence from which the board could reasonably find, as it did, that there was a recurrence of total disability.

We cannot weigh the evidence nor disturb an award because thereof when there is any competent evidence to sustain the finding of facts upon which it is based.

Award affirmed, and increased 5 per cent as required by statute.