RICHERT *v.* SCHREIBER ET AL.

[No. 17,483.   Filed May 29, 1946.]

622

*W. D. Hardy,* of Evansville, for appellant.

*Mark P. Lockwood,* of Princeton, for appellees.

HAMILTON, C. J.—This is an appeal from an adverse judgment rendered in an action instituted by appellant against appellees upon an appeal bond executed by appellee, Arthur G. Schreiber, as principal, and appellee, National Surety Corporation, as surety, for the purpose of perfecting and prosecuting an appeal by said Arthur G. Schreiber from an award rendered by the Full Industrial Board of Indiana, in favor of appellant and against said Arthur G. Schreiber and others, to the Appellate Court of Indiana, where said award was af-

firmed. *Schreiber* v. *Rickert* (1943), 114 Ind. App. 55, 50 N. E. (2d) 879.

The complaint was in one paragraph and demanded judgment upon said bond. Issues were duly joined and the cause submitted for trial to the court without the intervention of a jury.

Upon request, the court found the facts specially and rendered its conclusions of law thereon in favor of appellees and against appellant, that she take nothing by her complaint, to which conclusions of law appellant duly excepted and prosecutes this appeal.

The errors assigned are: (1) The court erred in its conclusion of law No. 1; and (2) that the court erred in its conclusion of law No. 2.

The material facts as found by the court are as follows:

That on April 8, 1943, plaintiff (Mary T. Rickert) recovered an award against the defendants, Arthur G. Schreiber, Anna Moll, and Jacob J. Moll, in a proceeding for an adjustment of compensation under the Indiana Workmen's Compensation Act, prosecuted by her as the surviving dependent widow of Philip H. Rickert, deceased, who was fatally injured as a result of an accident arising out of and in the course of his employment with said Arthur G. Schreiber. The Industrial Board in said award ordered the defendants in said proceedings to pay to the plaintiff a sum of $8.80 per week, beginning July 15, 1941, for a period of 300 weeks, or until terminated in accordance with the provisions of the Indiana Workmen's Compensation Act. That thereafter the defendant Arthur G. Schreiber prosecuted an appeal from said award to the Appellate Court of Indiana, and on April 29, 1943, filed his appeal bond in said proceedings before the Industrial Board for the purpose of perfecting his appeal from said award; that on said date

said appeal bond was fixed in the sum of $3000 and approved with the defendant, National Surety Corporation of New York, as surety. That said appeal bond, so filed and approved, is the same appeal bond sued upon in plaintiff's complaint. That thereupon said appeal was duly perfected by said Arthur G. Schreiber by filing the transcript of the record and assignment of errors in the Appellate Court of Indiana on May 6, 1943; that on October 13, 1943, the Appellate Court of Indiana, by its written opinion, affirmed said award, with the statutory penalty of 5% against the defendant Arthur G. Schreiber.

That on December 18, 1943, the Industrial Board of Indiana, pursuant to the judgment and mandate of the Appellate Court of Indiana, modified its former award and rendered a final award against the defendant Arthur G. Schreiber to the effect that said Schreiber pay to plaintiff Mary T. Rickert compensation at the rate of $9.24 per week, beginning July 15, 1941, for a period of not to exceed 300 weeks, or until terminated in accordance with the provisions of the Indiana Workmen's Compensation Law; that defendant Schreiber reimburse one Essie King in the sum of $150 for funeral expenses for said deceased, Philip H. Rickert; that the defendant Schreiber pay the costs taxed at said proceedings; that plaintiff's attorney, William D. Hardy, be paid attorney's fees in the sum of $650; and that the defendant have credit against the compensation award to the plaintiff for all sums paid out as attorney's fees in accordance with the award.

Thereafter, on December 21, 1943, the defendant Arthur G. Schreiber, by his attorney, George P. Zimmerman, filed with the Clerk of the Posey Circuit Court, during vacation of said court, a transcript of the award

of the Full Industrial Board of Indiana, and caused the same to be recorded by the Clerk in Order Book A-23 on page 536 of the records of said court.

That on November 30, 1943, the plaintiff, Mary T. Rickert, executed a written release in the words and figures as follows:

"I, Mary T. Rickert of Posey County, Indiana, in whose favor an award was made by the Industrial Board of Indiana against Arthur G. Schreiber, Anna Moll and Jacob J. Moll by reason of the death of my husband, Philip Rickert, while working for said Arthur G. Schreiber, in consideration of the payment by said Schreiber of my attorney's fee and all the costs and expenses of said proceedings, do hereby release the said Arthur G. Schreiber and Anna Moll and Jacob J. Moll from any further liability on said award.

"Dated this 30 day of November, 1943.

"Mary T. Rickert

"Witness: Ella M. Schreiber"

which said release was attached to page 536 of Civil Order Book A-23 of the Posey Circuit Court on January 6, 1944.

That on January 6, 1944, Arthur G. Schreiber paid Mrs. Essie King the sum of $150 in full payment of the award for the funeral expenses of Philip H. Rickert, deceased, and received a written receipt therefor, signed by said Essie King, which said receipt is entered upon and attached to the margin of said Civil Order Book A-23, page 536, of the Posey Circuit Court.

That on January 6, 1944, Arthur G. Schreiber paid to William D. Hardy, attorney of record for the plaintiff Rickert in the proceedings before the Industrial Board and in the Appellate Court of Indiana, the sum of $650 in full payment of his attorney's fee, as fixed in the award by the Industrial Board of Indiana, and received

a written receipt therefor, signed by said William D. Hardy, which said receipt is duly entered upon and attached to the margin of Civil Order Book A-23, page 536, of the Posey Circuit Court.

That said Arthur G. Schreiber has paid all costs assessed in all of said proceedings before the Industrial Board and in the Appellate Court of Indiana, and in the Clerk's office of the Posey Circuit Court, and a receipt for each of such payments, showing all costs have been paid in full by said Arthur G. Schreiber, has been attached to the margin of Civil Order Book A-23, page 536, of the Posey Circuit Court.

With respect to the circumstances surrounding the execution of the release signed by the plaintiff Mary T. Rickert, and heretofore set forth, the court found as follows:

"No. 9. That the plaintiff Mary T. Rickert, at the time of executing the release set out in Finding No. 4, herein, to the defendant Arthur G. Schreiber, at said time each of them believed that the said Schreiber would not be liable for the payment of any more money on the award set out in Finding No. 3 herein, other than the same set out in Finding No. 5 and Finding No. 6 and finding No. 7, which sums were paid by the defendant Arthur G. Schreiber, as set forth in said Findings Nos. 5 and 6 and 7, herein: No payment has been made to Mary T. Rickert in her own behalf upon the award set out herein."

The payments referred to in said findings as being set out in findings Nos. 5, 6, and 7, aforesaid, were the payments made by said Arthur G. Schreiber for (a) funeral expenses, (b) attorney's fees, and (c) the costs incurred before the Industrial Board, Appellate Court, and in the Clerk's office of the Posey Circuit Court, all as shown by the receipts attached at the margin of Civil Order Book A-23, page 536, of the Posey Circuit Court.

Upon such facts the court rendered the following conclusions of law: "(1) That the law in this cause of action upon the Special Finding of Facts aforesaid, is with the defendant; (2) That the plaintiff take nothing in this cause of action against the defendants."

Judgment followed the conclusions of law.

The decisive question presented for our determination is: Did the payment by appellee Arthur G. Schreiber of the funeral expenses, attorney's fee, and all costs, as fixed and ordered by the Industrial Board in its final award made in accordance with the provisions of the Indiana Workmen's Compensation Act and in pursuance to the mandate of the Appellate Court of Indiana, constitute a valid consideration for the execution by appellant of the written release, whereby she purported to release the appellees from any and all further liability upon the appeal bond for the payment of compensation due to her personally under the award and the Workmen's Compensation Act?

It is firmly settled by the authorities that, when the Appellate Court affirmed the award of the Industrial Board, from which the appellee Schreiber had appealed and executed an appeal bond with his co-appellee, National Surety Corporation, as surety thereon, said appellees became liable upon said bond for the full performance of the final award as made by the Industrial Board in compliance with the judgment and mandate of the Appellate Court. *Heller* v. *Fidelity, etc., Co.* (1928), 88 Ind. App. 77, 143 N. E. 266; *Spriggs* v. *State, ex rel.* (1903), 161 Ind. 225, 66 N. E. 693, 67 N. E. 992.

Furthermore, the final award of the Industrial Board created a legal liability against the appellee Schreiber

for the payment to appellant of the compensation due to her under said award, which could be modified, changed, or ended only by and with the consent and approval of the Industrial Board. *Ft. Branch Coal Mining Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N. E. 132; *Grasselli Chemical Co.* v. *Simon* (1929), 201 Ind. 41, 166 N. E. 2; *Homan v. Belleville Lumber and Supply Co.* (1937), 104 Ind. App. 96, 8 N. E. (2d) 127; § 40-1410 Burns' 1940 Replacement, § 16421, Baldwin's 1934.

Section 39 of the Workmen's Compensation Act, § 40-1404 , Burns' 1940 Replacement, § 16415, Baldwin's 1934, expressly rendered the appellee Schreiber liable for the payment of the funeral expenses to the amount of $150, and the attorney's fees were likewise fixed and determined in accordance with the provisions of §65 of the Act. § 40-1516, Burns' 1940 Replacement, § 16441, Baldwin's 1934. Any contract or agreement for the payment of attorney's fees contrary to the provisions of said statute would have been illegal and void. *Buckler* v. *Hilt* (1936), 209 Ind. 541, 200 N. E. 219.

Appellee Arthur G. Schreiber, against whom judgmen had been rendered, was also liable under the law for all costs legally taxed and assessed in all of said proceedings.

The final award of the Industrial Board fixed the legal liability of appellee Schreiber for the payment of compensation to appellant at $9.24 per week, beginning July 15, 1941, for a period of not to exceed 300 weeks, or until terminated in accordance with the provisions of the Indiana Workmen's Compensation Act—which meant a period of 300 weeks unless appellant died or remarried and ceased to be the

dependent widow of Philip H. Rickert prior to the expiration of 300 weeks following July 15, 1941.

This legal liability upon the part of Arthur G. Schreiber was liquidated, fixed and definite under the Workmen's Compensation Act. *Ft. Branch Coal Mining Co.* v. *Farley, supra.*

Where a debt or liability is liquidated, definite and fixed, the payment of a part of such liability is not a sufficient consideration to cancel or release the the whole liability. *Sunderman* v. *Sunderman* (1945), ante, p. 157, 63 N. E. (2d) 154, 157; *Beaver* v. *Fulp* (1893), 136 Ind. 595, 36 N. E. 418; *Guardian Life Ins. Co. of America* v. *Barry* (1941), 109 Ind. App. 286, 32 N. E. (2d) 599; *Princeton Coal Co.* v. *Dorth* 1922), 191 Ind. 615, 133 N. E. 386. There must be a new and sufficient valuable consideration to support such release or cancellation. *Hodges v. Truax* (1898), 19 Ind. App. 651, 49 N. E. 1079.

In the instant case the court in its special finding of fact No. 9 expressly found that "no payment has been made to Mary T. Rickert in her own behalf upon the award." There is no finding of the payment of any other valuable consideration to appellant by appellees for the execution of the release. The belief of the parties as to the extent of appellee Schreiber's liability under the award did not constitute a valuable or sufficient consideration to support the execution of the release.

For the reasons stated and under the authorities heretofore cited, we hold that the payment by appellee Schreiber of the funeral expenses, attorney's fee, and the costs, all as shown by the receipts set forth in the special findings of facts, furnishes no consideration for the release signed by appellant Mary T. Rickert, purporting to release and discharge said Arthur G. Schreib-

er from any and all further liability under the final award of the Industrial Board and that said release is null and void.

Therefore, the court erred in its conclusions of law and this cause must be reversed.

Judgment of the lower court is hereby reversed with instructions for the court to restate its conclusions of law in favor of appellant and render judgment in her favor accordingly.

NOTE.—Reported in 66 N. E. (2d) 769.