## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 09 2015, 9:06 am
CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Lyn Magee
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Dina M. Cox
Neal Bowling
Lewis Wagner LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lyn Magee,

*Appellant-Plaintiff,*

v.

Brent Welke,

*Appellee-Defendant.*

April 9, 2015

Court of Appeals Case No.
33A01-1409-PL-414

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane,
Judge

Cause No. 33C02-1401-PL-5

**Mathias, Judge.**

[1] Lyn Magee ("Magee") filed a complaint pro se in Henry Circuit Court against Brent Welke ("Welke") alleging that Welke committed legal malpractice, fraud, and conversion. The trial court granted Welke's motion to dismiss Magee's complaint for failure to state a claim pursuant to Trial Rule 12(B)(6). Magee

appeals pro se and argues that the trial court erred when it dismissed his complaint.

[2] We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[3] In 2006, Magee pleaded guilty to and was convicted of raping his fiancée's thirteen-year-old daughter. He was ordered to serve a thirty-year sentence, with twenty-five years executed in the Department of Correction. Magee appealed his sentence, which was affirmed on direct appeal. *See Magee v. State*, 865 N.E.2d 721, No. 49A04-0606-CR-306 (Ind. Ct. App. April 18, 2007).

[4] In November 2011, Magee hired Welke to pursue post-conviction relief of his rape conviction. Believing that Welke failed to perform the work for which he was hired and paid, Magee filed a complaint pro se in Henry Circuit Court against Welke alleging "legal malpractice, negligence, failure to represent client and fraud . . . and civil conversion." Appellant's App. p. 25. Welke's complaint also states: "Plaintiff alleges said civil violations against attorney Brent Welke, surrounding his lack and failure to adequately represent the Plaintiff during post-conviction relief proceedings, and is seeking damages, compensatory, declaratory and punitive, against said defendant." *Id.*

[5] Magee's complaint contains the following factual allegations:

> 1. That on or about November 30, 2011, the defendant, attorney Brent Welke was hired to represent the Plaintiff in the Marion County Superior Court regarding post-conviction relief

proceedings. The defendant was paid $5,000.00 as his fee, $1500.00 to his para-legal and the remainder $3500.00 to Welke, the defendant.

2. After the failure to litigate this action, the Plaintiff contacted the defendant, on August 28, 2012, and the response was postponed due to his alleged legal evaluation.

3. March, 2013, after no results or progress made by attorney Welke, no pleading filed other than continuances, the plaintiff terminated the representation and demanded a refund of fees less the time and effort of the defendant.

4. The defendant stated that his para-legal had mis-appropriated funds and that he was not responsible for the funds.

5. When asked by the Plaintiff, and his family the progress made on the litigation, the defendant would not reply and amounted to lack of want of prosecution.

Appellant's App. p. 25.

[6] In response, Welke moved to dismiss Magee's complaint pursuant to Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief may be granted. On August 26, 2014, the trial court granted Welke's motion and dismissed Magee's complaint. Magee now appeals pro se.

## Standard of Review

[7] We review a trial court's grant of a motion to dismiss under Trial Rule 12(B)(6) de novo and give no deference to the trial court's decision. *Sims v. Beamer*, 757 N.E.2d 1021, 1024 (Ind. Ct. App. 2001). "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Trail v. Boys & Girls Clubs of NW Ind.*, 845

N.E.2d 130, 134 (Ind. 2006). "Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred." *Id.* When we review a Trial Rule 12(B)(6) motion to dismiss, we accept the facts alleged in the complaint as true and view the pleadings in a light most favorable to the nonmoving party and with every reasonable inference in the nonmoving party's favor. *Id.* We view 12(B)(6) motions "with disfavor because such motions undermine the policy of deciding causes of action on their merits." *McQueen v. Fayette Cnty. Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied.*

[8] Moreover, under Indiana's notice pleading system, a pleading need not adopt a specific legal theory of recovery to be adhered to throughout the case. *Shields v. Taylor*, 976 N.E.2d 1237, 1244 (Ind. Ct. App. 2012). Indiana's notice pleading rules do not require the complaint to state all elements of a cause of action, but the plaintiff must still plead the operative facts necessary to set forth an actionable claim. *State v. Am. Family Voices, Inc.*, 898 N.E.2d 293, 296 (Ind. 2008).

[9] To state a claim for legal malpractice, Magee was required to allege facts that if proven would establish: 1) employment of the attorney, 2) failure of the attorney to exercise ordinary skill and knowledge, 3) proximate cause, and 4) loss to the plaintiff, i.e. damages. *See Flatow v. Ingalls*, 932 N.E.2d 726, 729 (Ind. Ct. App. 2010), *trans. denied.* Welke argues that Magee's complaint lacks factual allegations that, if proven to be true, would establish that Welke breached his

duty to Magee and/or that Magee suffered damages caused by the breach of duty. We disagree.

[10] In his complaint, Magee alleged that he paid a fee to Welke to pursue post-conviction relief, is dissatisfied with Welke's performance (particularly "his failure to litigate this action"), and wants part of the fee refunded to him. "[I]n a contract for work, there is an implied duty to do the work skillfully, carefully, and in a workmanlike manner. Negligent failure to do so is a tort, as well as a breach of contract." *INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 576 (Ind. Ct. App. 2003) (citations omitted); *Alvarado v. Nagy*, 819 N.E.2d 520, 525 (Ind. Ct. App. 2004) (concluding that Alvarado's complaint stated a claim for legal malpractice where he alleged that Nagy agreed to represent him to seek a sentence modification, Alvarado paid Nagy's fee but was dissatisfied with her performance, and wanted the attorney fee refunded).

[11] We conclude that Magee pleaded the operative facts necessary to set forth an actionable claim for legal malpractice. *See Alvarado*, 819 N.E.2d at 525. Whether Magee will prevail on his claim is not the issue presently before us; those merits will be determined by either a judge or jury. For these reasons, and considering our well-established policy in Indiana for resolving cases on their merits, we reverse the trial court's order dismissing Magee's complaint.

[12] Reversed and remanded for proceedings consistent with this opinion.

Najam, J., and Bradford, J., concur.